LAURENCE V. PARNOFF, P.C.
ATTORNEYS AND COUNSELORS AT LAW
TELECOPIER: 203 336-1863
Case 3:03-cv-00599-MRK    Document 28-3    Filed 12/05/2003    Page 1 of 13
1566 PARK AVENUE
BRIDGEPORT, CONNECTICUT 06604
JURIS NO: 101790    PHONE: 203 336-1861

COMPENSATION REVIEW DIVISION
OF THE STATE OF CONNECTICUT

---

CASE NO. 3033 CRB-4-95-4

---

ANTONIO DEOLIVEIRA
Claimant-Appellant

v.

ROSS AND ROBERTS, INC.
and
LIBERTY MUTUAL INSURANCE COMPANY
Respondent-Appellees

CLAIMANT'S APPEAL FROM THE DECISION OF THE
WORKERS COMPENSATION DIVISION
FOURTH DISTRICT, AT BRIDGEPORT

BRIEF OF THE CLAIMANT-APPELLANT
ANTONIO DEOLIVEIRA

January 25, 1996
To Be Argued By:
Laurence V. Parnoff
336-1861

For Claimant-Appellant:
Laurence V. Parnoff, P.C.
1566 Park Avenue
Bridgeport, Conn.  06604

LAURENCE V. PARNOFF, P.C.
ATTORNEYS AND COUNSELORS AT LAW
TELE Case 3:02-cv-00893-MRK    Document 28-3    Filed 12/05/2003    Page 1 of 13
1566 PARK AVENUE
BRIDGEPORT, CONNECTICUT 06604
JURIS NO: 102787    PHONE 203 336-1861

<u>**TABLE OF CONTENTS**</u>

<u>Page</u>

I.      STATEMENT OF ISSUE          2

II.     STATEMENT OF FACTS          3

III.    CLAIMS OF LAW               7

IV.     CONCLUSION                  10

V.      CERTIFICATION               12

1

## I. STATEMENT OF ISSUES

ARE EMOTIONAL AND PSYCHOLOGICAL PROBLEMS COMPENSABLE UNDER
THE WORKERS' COMPENSATION ACT OF THE STATE OF CONNECTICUT
WHEN A CLAIMANT DEVELOPS SUCH PROBLEMS FOLLOWING A WORK
INJURY AS A RESULT OF:

    (1)    HIS FRUSTRATIONS WITH THE TREATMENT HE RECEIVED BY
            THE EMPLOYER;

    (2)    THE DELAYS IN RESOLVING HIS CLAIM CAUSED BY THE
            EMPLOYER'S UNREASONABLE AND UNNECESSARY DENIAL OF
            THE COMPENSABILITY OF HIS BACK INJURY CLAIM;
            AND/OR

    (3)    A SENSE OF LOSS OF HONOR AND OTHER FACTORS WHICH
            THE CLAIMANT ATTRIBUTES AND BLAMES ON HIS EMPLOYER
            AS A RESULT OF HIS TREATMENT BY THE EMPLOYER?

MAY THE COMMISSIONER, AFTER FINDING THE CLAIMANT HAD
DEVELOPED EMOTIONAL AND PSYCHOLOGICAL PROBLEMS FOLLOWING HIS
WORK INJURY, SUBSTITUTE HIS OPINION AS TO MEDICAL CAUSATION
WHERE THAT OPINION IS BOTH UNSUPPORTED BY, AND CONTRARY TO,
ALL EXPERT OPINIONS INCLUDING THE OPINION OF THE DOCTOR
CHOSEN BY THE RESPONDENT/EMPLOYER?

LAURENCE V. PARNOFF, P.C.
ATTORNEYS AND COUNSELORS AT LAW
TELECOPIER: 203 336-1861
1566 PARK AVENUE
BRIDGEPORT, CONNECTICUT 06604
JURIS NO: 101106   PHONE: 203 336-1861

ANTONIO DEOLIVEIRA                           CASE NO. 3033 CRB-4-95-4

      Claimant

                                    C O R A M

      v.

                                    STATE OF CONNECTICUT

ROSS & ROBERTS, INC.

           Employer/Respondent          WORKERS' COMPENSATION

                                    FOURTH DISTRICT

      and

LIBERTY MUTUAL INS. CO.                      MAY 1, 1995

## BRIEF OF THE CLAIMANT-APPELLANT
### ANTONIO DEOLIVEIRA

## II. FACTS

"The Claimant, Antonio DeOliveira, was an employee of Ross
and Roberts on May 11, 1989, working at their Stratford,
Connecticut plant."  (Finding and Award, paragraph A).

3

LAURENCE V. PARNOFF, P.C.
ATTORNEYS AND COUNSELORS AT LAW
TELECOPIER: 203-336-0893-MRK     Document 28-3     Filed 12/05/2005     Page 5 of 13

1566 PARK AVENUE
BRIDGEPORT, CONNECTICUT 06604
PHONE: 203 336-1861

"On said date, while lifting a number of bags of material weighing 50 pounds or more, the Claimant suffered a physical injury to his low back which necessitated his treating with Doctors Forte and Dworken, as well as other physicians." (Finding and Award, paragraph B).

". . . The treating physicians of the Claimant for the low back injury were doctors Forte and Dworken . . . ." (Finding and Award, paragraph E).

"The Claimant was referred to Dr. Gang by Dr. Forte and Dr. Dworken." (April 25, 1995 Ruling on Claimant's Motion To Correct Finding And Award Dated March 30, 1995).

". . . The emotional/psychological problems which the Claimant developed, and may still be suffering from, are a result of his frustration with the treatment he received by his employer, the delays in resolving his claim, a sense of loss of honor, and other factors which he attributes and blames on the employer." (Finding and Award, paragraph I).

By its letter of June 5, 1989 the Employer referred the Claimant to, scheduled an appointment with, and instructed the Claimant to see Dr. Dworken.  (Claimant's Exhibit 9).

4

LAURENCE V. PARNOFF, P.C.
ATTORNEYS AND COUNSELORS AT LAW
TELEPHONE 203-336-0893    Case 3:02-cv-00893-MRK    Document 28-3    Filed 12/05/2003    Page 6 of 13
1300 PARK AVENUE
BRIDGEPORT, CONNECTICUT 06604
FAX PHONE 203 336-1861

Doctor Dworken, the doctor chosen by the Respondent/Employer for the Claimant, saw Antonio DeOliveira June 29, 1990 and reported that Mr. DeOliveira was "depressed because he could not function . . . ." (Claimant's Exhibit 17).

"The Claimant was referred on to and treated with Mark Gang, Ph.D., who in a deposition of June 26, 1992, diagnosed the Claimant as suffering from depression and atypical anxiety with symptoms of post traumatic stress." (Finding and Award, paragraph 25; and April 25, 1995 Ruling on Claimant's Motion To Correct Finding And Award Dated March 30, 1995).

"Dr. D'Apice, in the same deposition opined, `That the narcissistic injury, the symbolic injury was concomitant with the real injury. The two are to go together. Just like you cannot separate the body from the soul.'" (Finding and Award, paragraph 32).

"Dr. D'Apice also testified, `It is my medical opinion that the narcissistic injury occurred on May 11, 1989 while the individual was working . . . The functional overlay was concomitant and associated with the narcissistic injury and Mr. DeOliveira feeling that he was not being treated fairly or rightly.'" (Finding and Award, paragraph 34).

LAURENCE V. PARNOFF, P.C.
ATTORNEYS AND COUNSELORS AT LAW
TELEPHONE 203 336-6893-MRK     Document 28-3     Filed 12/05/2003   Page 7 of 12
1566 PARK AVENUE
BRIDGEPORT, CONNECTICUT 06604
FAX NO:   PHONE 203 336-1861

". . . The Respondent employer's denial of the compensability of the Claimant's alleged back injury was unreasonable and caused unnecessary delay in the processing of the Claimant's claim . . . ."  (Finding and Award, second to last paragraph).

All medical providers, including both doctors found to be authorized treating physicians (one of whom was chosen by the employer), found the Claimant's emotional/psychological problems to be secondary to his work related back injury.  Put another way, all medical providers confirmed that, but for the claimant's work related back injury he would not have had any emotional/psychological problems.

The employer's treatment of the Claimant after his back injury, (its unreasonable denial of the compensability his back injury claim which caused unnecessary delay in the processing of the Claimant's back injury claim and the employer's failure to pay medical bills from the date of the Claimant's 1989 injury until after the 1994 award) exacerbated the Claimant's emotional and psychological problems.

6

### III. LAW

The purpose of the act is to compensate employees for injuries "arising out of and in the course of employment," without regard to fault, by imposing a form of strict liability on employers. <u>Bakelaar v. West Haven</u>, 193 Conn. 59, 67, 475 A.2d 283 (1984).

This purpose is extrapolated from General Statutes (Rev. to 1989) @ 31-284 (a), which provides in pertinent part: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . ."

In <u>Crochiere v. Board of Education</u>, 227 Conn. 333, 350 (1993) the court noted the following:

"The commissioner found, and the review division affirmed, that the plaintiff had met both requirements of proof under the two-part test for causal connection. First, the plaintiff's mental injury "arose out of" his employment as a music teacher, in light of the time, place and circumstances of the injury. The plaintiff's mental injury resulted from the mental stress associated with allegations

of his sexual misconduct, allegedly occurring during his
music lessons at his place of employment, the Harriet
Beecher Stowe Elementary School.  Because of the causal
connection existing between the injury and the employment,
we uphold the finding that the injury arose out of the
plaintiff's employment.

Second, the commissioner found that the plaintiff's
mental injury occurred "in the course of" his employment as
a music teacher.  The requirements for satisfying this part
are three-fold.  The plaintiff's "injury must [have]
occurred; (a) within the period of the employment; (b) at a
place the employee may reasonably be; and (c) while the
employee is reasonably fulfilling the duties of the
employment or doing something incidental to it.

First, the plaintiff's injury occurred within the
period of his employment.  Although the plaintiff was
suspended in June, 1987, immediately after the allegations
were made, he was not terminated until October 21, 1987.
During this three month suspension period, while the
plaintiff was still employed, several television and radio
stations and newspapers reported the allegations.  The
commissioner found that the **plaintiff's injury was the
result of mental stress associated with this publicity**.
Second, the commissioner found that the student, S, had made

8

LAURENCE V. PARNOFF, P.C.
ATTORNEYS AND COUNSELORS AT LAW
TELEPHONE 203-333-0093
Case 3:02-cv-00893-MRK     Document 28-3     Filed 12/05/2003     Page 10 of 13
1566 PARK AVENUE
BRIDGEPORT, CONNECTICUT 06604
FAX PHONE 203 335-1861

damaging allegations against the plaintiff for conduct that she claimed had occurred at the lessons, a place where the plaintiff was supposed to be.  Third, because the plaintiff's conduct giving rise to S's accusations occurred while he was giving lessons, the injury occurred while the plaintiff was attempting to fulfill his duties as a music teacher."  (Emphasis added).

The <u>Crochiere</u> court went on to note in foot note 15, page 351 that:

"This case is fundamentally no different from one in which a claimant has been the subject of verbal abuse and sexual advances by a supervisor or coworker.  See, e.g., <u>Breeden v. Workmen's Compensation Commissioner</u>, 168 W. Va. 573, 285 S.E.2d 398 (1981); <u>Baker v. Wendy's of Montana, Inc.</u>, 687 P.2d 885 (Wyo. 1984).  In both cases, the <u>claimants suffered depression and other nervous injuries as a result of such treatment</u> and received workers' compensation benefits.  In this case, the plaintiff was exposed to unsubstantiated allegations of sexual misconduct that resulted in publicity and damage to his reputation. This "harassment" arose out of the plaintiff's performance as a teacher and was in the course of his employment." (Emphasis added).

9

Medical causation can only be proven by an opinion of a medical expert establishing such connection or excluding all other causes.  "Without such expert evidence, the opinion of the layman upon a subject such as the determination of the cause of a cancer in a given case is mere speculation or conjecture. These cannot support causal connection; that must rest upon proven facts."  <u>Bates v. Carroll</u>, 99 Conn. 677, 679 (1923).

In the instant case the Claimant's emotional and psychological problems were derived from and secondary to his work related back injury.  All medical practitioners related those problems to the back injury.  No medical provider excluded the back injury as a cause of the emotional and psychological problems the Commissioner found to exist.

## IV.  CONCLUSION

The plaintiff suffered a work related back injury which resulted in permanent impairment, a period of total disability and caused pain and limitations of his activities.  His employer unreasonably denied the compensability of the Claimant's back injury causing an unnecessary delay in the processing of the Claimant's claim.  These facts are uncontested.

10

The employer chose the Claimant's treating doctor who referred the Claimant for further treatment back to the doctor whose report the employer would not accept. Both treating doctors issued reports noting the Claimant's depression secondary to his injury and ultimately referred the Claimant for treatment of his emotional and psychological problems.

The doctors treating the Claimant's emotional and psychological problems related those problems both the back injury as the initial cause and thereafter to the employer's response to the Claimant's Workers' Compensation claim. Had there been no back injury there would have been no emotional and psychological problems.

The case law establishes that emotional and psychological problems are compensable where the incident of employment caused the onset of those problems. The date of first treatment is totally irrelevant.

Finally, medical causality is a subject solely within the province of medical experts. The trier of fact having found the condition to exist, and there being no medical evidence to the contrary, could not substitute a lay opinion regarding medical cause.

THE CLAIMANT, BY:

LAURENCE V. PARNOFF, P.C., BY:

_____

LAURENCE V. PARNOFF

## VII. CERTIFICATION RE: BRIEF

DATED: JANUARY 26, 1996

This is to certify that the original and 3 copies of the foregoing brief were forwarded to the COMPENSATION REVIEW BOARD, and that a copy of the foregoing has been served upon all counsel of record and pro se parties by regular mail on this date, sent to:

Maher & Williams, P.O. Box 550 Fairfield, CT 06430-0550.

CLAIMANT-APPELLANT, BY:

LAURENCE V. PARNOFF, P.C., BY:

_____

LAURENCE V. PARNOFF