NO. 3033 CRB-4-95-4                :     C O R A M

ANTONIO DeOLIVEIRA,               :
                    CLAIMANT
                                   :
        vs.
                                   :
ROSS & ROBERTS, INC.,                   COMPENSATION REVIEW BOARD
Employer                           :

        and                        :

LIBERTY MUTUAL INSURANCE           :
COMPANY, Insurer
                    RESPONDENTS    :     FEBRUARY 14, 1996

RESPONDENTS' BRIEF

## STATEMENT OF THE ISSUES:

The appeal filed by the appellant pertains to the decision of the Compensation Commissioner for the Fourth District's denial for claim for compensation regarding an alleged back injury and its sequellae of May 11, 1989, said Finding and Award dated March 30, 1995.

## STATEMENT OF THE LAW:

A.    The conclusions of the Commissioner are legally consistent with the subordinate facts found.

Conclusions of a Commissioner may not be disturbed unless they are contrary to law, found without evidence, or based on unreasonable or impermissible factual inferences. Besade v.

MAHER & WILLIAMS
P. O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

- 2 -

Interstate Security Services, 212 Conn. 141 (1989); Fair v. Peoples Bank, 207 Conn. 535 (1988).

Upon consideration of a claimant/appellant's appeal the review division panel considers no evidence other than that certified to it by the Commissioner. The evidence is examined for the narrowly defined purpose of "determining whether there was any evidence to support in law the conclusions reached". Regulations of Connecticut State Agencies §31-301-8. The panel is now empowered to retry the facts or review the conclusions of the Commissioner that were dependant upon the weight of the evidence or the credibility of witness testimony. Accordingly, the claimant is not entitled to a trial date before the Review Commission. Id. Also, Hill v. Pitney Bowes, 8 Comp. Rev. Op. Page 98 and Tscheppe v. H.B. Ives Co., Case No. 1386 CRB-3-92-2.

It is the Commissioner alone who is charged with the duty of selecting the inferences which seem most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court. Fair, supra. Further, the Review Division has regularly demonstrated deference to the originating Commissioner's Finding of Fact, it is he alone who is charged with assessing the creditability and reliability of witnesses

MAHER & WILLIAMS
P. O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

- 3 -

and the weight to be given to such. <u>Adzima v. UAC/Norden Division</u>, 177 Conn. 107 (1979); <u>Mund v. Farmers Cooperative, Inc.</u>, 139 Conn. 338 (1952); <u>Powers v. Hotel Bond Company</u>, 89 Conn. 143 (1915).

In the case at bar, the underlying record amply supports the Commissioner's finding that the emotional and psychological problems from which this claimant allegedly suffers were not the result of the compensable back injury of May 11, 1989. This record clearly demonstrates that the claimant has not sustained his burden of proof, i.e., he has not demonstrated by a clear preponderance of the evidence that the alleged emotional and psychological problems are a residual of the work related injury as found by the trier of the facts of May 11, 1989. In light of the evidence adduced it is apparent that the Commissioner's Finding and Dismissal of the emotional and psychological components of this claim was not arbitrary, but rather was rationally related to the underlying facts.

Further, it is apparent from the record in this case that the Commissioner's ultimate finding was based largely upon the weight and credibility which he assigned the claimant's own testimony regarding this alleged injury. Pursuant to <u>Adzima</u>,

MAHER & WILLIAMS
P. O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

- 4 -

_supra_, the Compensation Review Board should accord the fullest deference to the conclusions reached as it is the Commissioner alone who is charged with assessing the reliability and credibility to be given to witness testimony and the weight accorded to such. Finally, because the Commissioner's conclusions are fully consistent with the subordinate facts found, his Finding and Dismissal must be confirmed pursuant to _Besade_, _supra_.

> B.    The commissioner did not err in refusing to grant the claimant/appellant's Motion to Correct.

Regulations of Connecticut State Agencies §31-301-6 provides that an appellant can cite as reason for appeal that the Commissioner erred in refusing to grant a Motion to Correct the Finding or in refusing to find facts as contained in the Motion. However, where a Commissioner's finding does not include facts found without evidence or does not fail to include material facts which were admitted or undisputed, the finding should not be disturbed. _Wheat v. Red Star Express Lines_, 156 Conn. 245 (1968); _Mack v. Blake Drug Co._, 152 Conn. 523 (1965). To the extent that the Commissioner's Finding discloses facts, his finding cannot be changed unless the record discloses that

MAHER & WILLIAMS
P. O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

- 5 -

the  finding includes facts without evidence or fails to include material  facts  found.  <u>Grady v. St. Mary's Hospital</u>, 179 Conn. 662  (1980).  The  Compensation Review Division must review the appeal  on  the  record  and  must not retry the facts.  <u>Besade</u>, <u>supra</u>, 448-449.

In  the  case  at  bar,  it  is  apparent that the claimant/appellant  has  done  nothing  more  than  attack  the findings of the Commissioner based on subjective dissatisfaction with the conclusions reached.  The claimant does not allege that the Commissioner's findings fail to include material facts found nor  is  it alleged that the Commissioner has based his decision on  facts  not in evidence.  The claimant/appellant does nothing more than attack the Commissioner's finding of fact as presented in  this  Finding  and  Dismissal.  Given the precedent of both <u>Besade</u>  and  <u>Wheat</u>, the decision of the Commissioner in refusing to  grant  the  claimant/appellant's  Motion  to Correct must be affirmed.

CONCLUSION:

The  underlying  record  amply  supports the Commissioner's Finding  and  Dismissal.  This  record  demonstrates  that  the Commissioner's ultimate conclusion was based predominately upon

MAHER & WILLIAMS
P. O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

- 6 -

the weight accorded to the testimony of various witnesses including the claimant. Because it is the Commissioner alone who determines the credibility and weight to be afforded to such testimony, and because the Commissioner's decision is legally consistent with the underlying facts found, this decision must be affirmed. Finally, because the Commissioner's Finding and Dismissal did not omit any material facts found, and because this decision was not based on material facts not in evidence, the Commissioner's denial of the claimant/appellant's Motion to Correct must also be affirmed.

Respectfully submitted,
ROSS & ROBERTS, INC., Employer
    and
LIBERTY MUTUAL INSURANCE COMPANY,
Insurer


BY_____
    Kevin J. Maher
    Maher & Williams
    P.O. Box 550
    Fairfield, CT  06430-0550
    255-7777

MAHER & WILLIAMS
P.O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

- 7 -

This is to certify that a copy of the foregoing has been mailed to: Laurence V. Parnoff, Esq., 1566 Park Avenue, Bridgeport, Connecticut 06604.

BY_____

Kevin J. Maher

MAHER & WILLIAMS
P. O. Box 550
FAIRFIELD, CT 06430-0550
255-7777