CASE NO. 3033 CRB-4-95-4

ANTONIO DEOLIVEIRA  : COMPENSATION REVIEW BOARD
    CLAIMANT-APPELLANT

v.

ROSS & ROBERTS, INC.  : WORKERS' COMPENSATION
    EMPLOYER  COMMISSION

and

LIBERTY MUTUAL INSURANCE CO.  : DECEMBER 13, 1996
    INSURER
    RESPONDENTS-APPELLEES

APPEARANCES:   The claimant was represented by Laurence Parnoff, Esq., 1566 Park Ave., Bridgeport, CT 06604.

The respondents were represented by Kevin J. Maher, Esq., Maher & Williams, 1300 Post Road, Fairfield, CT 06430.

This Petition for Review from the March 30, 1995 Finding and Award of the Commissioner acting for the Fourth District was heard March 15, 1996 before a Compensation Review Board panel consisting of the Commission Chairman Jesse M. Frankl and Commissioners George A. Waldron and Robin L. Wilson.

## OPINION

JESSE M. FRANKL, CHAIRMAN. The claimant has petitioned for review from the March 30, 1995 Finding and Award of the Commissioner acting for the Fourth District. He argues on appeal that the commissioner erroneously failed to find that the claimant's depression and anxiety were caused by his compensable injury. We affirm the trial commissioner's decision.

12/13/96                                                           1

The claimant had been employed by the respondents for almost twenty years as of Thursday, May 11, 1989. That evening, he injured his back lifting a heavy bag off a skid and filed a report before leaving work. The next day, the claimant's son drove him to work, where the claimant informed two supervisors that he had been hurt on the job and required medical attention. One of the supervisors told the claimant that the respondents had no company doctor, and that he was free to go to a "Med Now" facility if he so chose, although the supervisor could not approve treatment there. The claimant did so, but did not feel better by the following Monday, and sought the services of Dr. Forte, a chiropractor. The claimant was also examined by an orthopedic specialist, Dr. Dworken.

Dr. Forte opined that the claimant's lumbar injuries were directly and causally related to his alleged work injury. The history that the claimant provided to Dr. Dworken also corroborated his testimony. Both physicians kept the claimant out of work for at least several weeks; he was finally released for light duty work on September 11, 1989. The claimant alleges that he again became totally disabled on December 20, 1989, because of emotional and psychological problems stemming from the May injury. Pursuant to Dr. Forte's referral, he began treating with Dr. Gang, who diagnosed him as suffering from depression and atypical anxiety with symptoms of post-traumatic stress. He attributed this depression as a joint result of the physical effects of the injury and the fact that he was not being compensated, which created major financial stress for the claimant and left him feeling that he was being treated unfairly by his longtime employer, who was extremely dilatory in settling his case. The commissioner also cited similar testimony by Dr. D'Apice, whom the claimant was referred to by Dr. Gang.

12/13/96                                                                 2

The commissioner concluded that the claimant had suffered a compensable injury to his low back, and that he was totally disabled from the date of injury until September 19, 1989. He also found that the claimant had conducted job searches thoroughly during his period of temporary partial disability, and that he would be entitled to benefits for that period as well. The respondent's denial of the back injury claim was deemed to be unreasonable by the commissioner, and attorney's fees were awarded to the claimant. The commissioner also decided that the treating physicians were Drs. Forte and Dworken. He approved Dr. Dworken's bills, but deferred approval on Dr. Forte's charges. The commissioner went on to find, however, that the claimant's emotional and psychological problems were not related to his physical injury on May 11, 1989. Instead, these problems "are a result of his frustration with the treatment he received by his employer, the delays in resolving his claim, a sense of loss of honor, and other factors which he attributes and blames on the employer." Subsequent to the commissioner's denying all but one paragraph of his Motion to Correct, the claimant petitioned for review to this board.

It is beyond debate in this forum that a claimant has the burden of proving that he has suffered a compensable injury, and that it is the job of the trial commissioner to evaluate the evidence that the parties present in deciding whether that burden of proof has been met. Crochiere v. Board of Education, 227 Conn. 333, 346-48 (1993); Fair v. People's Savings Bank, 207 Conn. 535, 539 (1988); Webb v. Pfizer, Inc., 14 Conn. Workers' Comp. Rev. Op. 69, 70-71, 1859 CRB-5-93-9 (May 12, 1995). This board only reviews factual findings to ascertain whether there is support in the record for those findings, and to determine whether uncontradicted and material facts have been omitted

12/13/96     3

by the trial commissioner. The commissioner will not be second-guessed as to the inferences he or she draws from the testimony of a witness, and is never required to accept the statements of a lay witness or a medical expert as the truth. Webb, supra, 71.

In accordance with that principle, it is perfectly clear that the commissioner was not required to accept the testimony of Drs. Gang and D'Apice regarding the causal connection between the claimant's physical injury and his emotional trauma. See Nasinka v. Ansonia Copper & Brass, 13 Conn. Workers' Comp. Rev. Op. 332, 334-36, 1592 CRB-5-92-12 (April 27, 1995). No medical opinion is binding as a matter of law. The real question in this case, however, is whether the commissioner could conclude that the claimant's psychological problems were not compensable even though he specifically found that those problems were a result of the claimant's frustration with his employer's treatment and the delays in resolving his claim. The commissioner's prior finding that these problems "were not the result of the physical injury of May 11, 1989, nor did they flow from said injury" seems to clarify the facts as the commissioner found them: although the back injury itself did not cause the emotional deterioration of the claimant, the frustration that the claimant felt at his employer's unreasonably dilatory tactics in contesting his claim was a key factor in producing his psychological difficulties.

This board must determine if the conclusion that the claimant's psychological problems are unrelated to his compensable injury may legally stand in light of these findings. See Crochiere, supra, 347. We will overrule that decision only if it was illegally inferred from the underlying facts, or if the commissioner incorrectly applied the law in this case. There are several reported CRB decisions that guide us as to the law here. In order for an injury to be work-related, the employment must be the proximate

12/13/96                                           4

cause of the injury. Cole v. Norwalk Wilbert Vault Co., 4 Conn. Workers' Comp. Rev. Op. 155, 156, 330 CRD-2-84 (Feb. 26, 1988), *citing* Madore v. New Departure Mfg. Co., 104 Conn. 709, 713 (1926). Our decisions apply a "substantial factor" analysis when proximate cause must be determined, and recognize that causation may be interrupted where an intervening event has played a causal role in a claimant's disability. Hanzlik v. James Freccia Auto Body, 15 Conn. Workers' Comp. Rev. Op. 2, 1984 CRB-7-94-3 (Nov. 1, 1995); Anderson v. UConn Health Center, 11 Conn. Workers' Comp. Rev. Op. 197, 198, 1318 CRD-6-91-10 (Sept. 23, 1993); Cole, supra, 157.

In cases where a claimant has been injured while participating in a vocational rehabilitation program, we have held that the injury is compensable absent evidence of some intervening causative activity. Zullo v. Caron Roofing Company, Inc., 12 Conn. Workers' Comp. Rev. Op. 357, 358, 1634 CRB-4-93-2 (Aug. 2, 1994) (chair collapsed while claimant was attending class); Cole, supra, 156-57 (claimant injured left wrist and elbow while at welding school). This is because the claimant's presence at the training site in both cases was a direct result of his original work-related injury. However, we have also held that a claimant who was injured in a car accident while driving home from an informal workers' compensation hearing was not entitled to benefits under the Workers' Compensation Act. Fantasia v. Tony Pantano Mason Contractors, 14 Conn. Workers' Comp. Rev. Op. 36, 38, 1819 CRB-5-93-8 (May 4, 1995). Along with our reliance on the "coming and going" exception, see Dombach v. Olkon Corporation, 163 Conn. 216 (1972), in Fantasia we cited with favor the rulings of other courts that have shown reluctance to extend coverage to injuries sustained by a claimant while pursuing a workers' compensation claim against his or her employer. See, e.g., Hendrickson v.

12/13/96                                              5

George Madsen Construction, 281 N.W.2d 672, 674-75 (1979) (heart attack suffered after testifying at workers' compensation hearing not compensable).

Unlike the Cole and Zullo cases, this case does not involve a claimant who was physically injured while participating in a workers' compensation-sponsored program. Instead, the claimant has been found to have suffered a psychological injury brought on by his employer's adversarial tactics during the administration of his claim. Although this board is adamantly opposed to the use of dilatory tactics by any party in the workers' compensation forum, we do not believe that an injury sustained in this manner results as a matter of law from his compensable injury. The conduct that led to the claimant's psychological distress was the product of human actions that were not a direct result of the original back injury. Thus, that injury was not a substantial factor in causing the claimant's psychological problems, even if the employer's subsequent conduct was a primary cause.

Moreover, the legislature has prescribed a remedy in § 31-300 C.G.S. for the unreasonable contest of liability by an employer or insurer: the allowance of a reasonable attorney's fee to the claimant. We do not believe that it would be appropriate to infer that an alternative remedy must be made available as well if the unreasonable contest has extraordinary detrimental effects. Therefore, we hold that the trial commissioner's decision must be affirmed.

Commissioners George A. Waldron and Robin L. Wilson concur.

12/13/96                                    6

## CERTIFICATION

**THIS IS TO CERTIFY THAT** a copy of the foregoing was sent certified mail this 13th day of December, 1996 to the following parties:

| | |
|---|---|
| LAURENCE PARNOFF, ESQ. | P 512 641 148 |
| KEVIN J. MAHER, ESQ. | P 512 641 149 |

_____
Lorraine Lockery, Administrative
   Hearings Lead Specialist
Compensation Review Board
Workers' Compensation Commission