SUPERIOR COURT

OF THE

STATE OF CONNECTICUT

A.C. 16725

ANTONIO PROCTVERA

vs.

ROSA J. ROBLES, INC.

and

LIBERTY MUTUAL INSURANCE COMPANY

BRIEF OF DEFENDANT-APPELLEE

Kevin J. Maher
Maher & Williams
P.O. Box 550
Fairfield, CT  06430-0550
Tel. No. (203) 255-7777
Fax No. (203) 254-0011
Juris No. 405175

NO. OF EXHIBITS:
KEVIN J. MAHER

## NATURE OF PROCEEDINGS

As found by the Workers' Compensation Commissioner having jurisdiction in his Finding and Award, the instant claimant sustained an injury to his lumbar spine which arose out of and in the course of his employ with respondent on May 11, 1989. As a residual of this injury the respondents were directed to pay to or on behalf of claimant periods of temporary total compensation, temporary partial compensation and specific compensation together with designation as to claimant's authorized physicians.

Notwithstanding the Finding as to the traumatic injury to the lumbar spine, claimant additionally pursued a claim for additional benefits for elements of emotional and psychological problems as being related to the injury of May 11, 1989. After full hearing the Commissioner found that those conditions were not related to the physical injury on the date in question but resulted from a sense of frustration with treatment claimant received from his employer, delays in the workers' compensation system in resolving his claim, loss of honor and other factors which Mr. DeOliveira blames or

MAHER & WILLIAMS
P.O. BOX 550
FAIRFIELD, CT 06430-0550
255-7777

1

attributes to the respondent.

From the Finding and the denial of a Motion to Correct filed by claimant an appeal was filed to the Compensation Review Board which tribunal, on December 13, 1996, issued its opinion affirming the trier of the facts.

From such opinion appeal has been filed with the Appellate Court.

MAHER & WILLIAMS
P.O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

2

## ARGUMENT

It is beyond debate in the State of Connecticut that a claimant has the burden of proof in establishing a compensable injury, and in sustaining the burden of proof it is the obligation of the trial Commissioner to evaluate the evidence that the parties present. <u>Crochiere v. Board of Education</u>, 227 Conn. 333, <u>Fair v. People's Savings Bank</u>, 207 Conn. 535. Conclusions of a Commissioner may not be disturbed unless they are contrary to the law, found without evidence, or based on unreasonable or impermissible factual inferences. <u>Besade v. Interstate Security Services</u>, 212 Conn. 441, <u>Fair v. People's Savings Bank</u>, supra. The Commissioner alone is charged with the duty of selecting the inference which seems the most reasonable; his choice, if otherwise sustainable, may not be disturbed by a reviewing court. <u>Fair</u>, supra. An appellate tribunal only reviews factual findings to ascertain whether there is support in the record for these findings and to determine whether uncontradicted or material facts have been omitted. <u>Webb v. Pfizer</u>, 14 Conn. Rev. Op. 69.

Deference is given by a review court to a Commissioner's

3

factual findings as he alone is charged with the task of assessing credibility and reliability of witnesses and assesses the weight to be given to testimony. Adzima v. UAC/Norden Division, 177 Conn. 107, Mund v. Farmers' Cooperative, Inc., 139 Conn. 338. Where a Commissioner's finding does not include facts found without evidence or does not fail to include facts which are admitted or undisputed, the findings should not be disturbed. Wheat v. Red Star Express Lines, 156 Conn. 245. To the extent that the Commissioner's finding discloses facts, his findings cannot be changed unless the record discloses that the finding includes facts found without evidence or fails to include material facts. Grady v. St. Mary's Hospital, 179 Conn. 662.

The trier of the facts determines the credibility of the witnesses and the weight to be afforded their testimony. Miller v. Kirshner, 225 Conn. 185, State v. Robinson, 213 Conn. 243. A Commissioner is free to believe some, all or none of the testimony of a witness. State v. Sherbacow, 21 Conn. App. 474. Similarly, the trial Commissioner has authority to determine the credibility of medical evidence and testimony, and ultimately it is the Commissioner who determines whether or not

4

a claimant can prove facts sufficient to support his claim. <u>Harris v. UTC/Pratt & Whitney</u>, 3143 CRB 5958.

Applying the above referenced dictates to the case at bar, it is obvious that no legal obligation existed on the part of the Commissioner to accept the medical testimony of claimant's psychologist or attending psychiatrist on the issue of casual connection of the emotional components of this claim to the physical injury. It was the specific finding of the trier of the facts that the psychological distress of claimant was not the direct result of the back injury but residual of human facts unrelated to trauma.

It is therefore respectfully submitted that the decision of the Commissioner and the Compensation Review Board be affirmed as said decision was based upon a question of fact appropriately decided by the trier of the facts.

5

MAHER & WILLIAMS
P.O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

## CONCLUSION

For the foregoing reasons it is respectfully submitted that the Finding and Dismissal with reference to claimant's emotional and psychological claims be affirmed and the within appeal by claimant be dismissed.

Respectfully submitted,
DEFENDANTS
ROSS & ROBERTS, INC., Employer
    and
LIBERTY MUTUAL INSURANCE COMPANY,
Insurer


BY_____
    Kevin J. Maher
    Maher & Williams
    P.O. Box 550
    Fairfield, CT  06430-0550
    #405775              255-7777

MAHER & WILLIAMS
P.O. Box 550
FAIRFIELD, CT 06430-0550
255-7777

6

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to:

Hon. Jesse M. Frankl
Chairman
Compensation Review Board
21 Oak Street
Hartford, Connecticut 06106

Hon. James J. Metro
Compensation Commissioner
1515 Summer Street
Stamford, Connecticut 06905

Laurence V. Parnoff, Esq.
1566 Park Avenue
Bridgeport, Connecticut 06604

BY_____
Kevin J. Maher
Maher & Williams

MAHER & WILLIAMS
P.O. BOX 550
FAIRFIELD, CT 06430-0550
255-7777