Laurence V. Parnoff, P.C.                           1566 Park Avenue
Attorneys and Counselors at Law                     Bridgeport, CT 06604
    tel: (203) 336-1861                             fax: (203) 336-1863
              Juris No.: 101180

NO.: A.C. 16726                                     APPELLATE COURT

ANTONIO DEOLIVERIA

                                                    THE STATE OF CONNECTICUT

        v.


ROSS AND ROBERTS, INC., ET AL                       DECEMBER 17, 1997


### PETITION FOR CERTIFICATION

Pursuant to Connecticut Practice Book Section 4126, et seq, the Plaintiff-Appellant respectfully petitions the Supreme Court of the State of Connecticut for certification.

I.    **QUESTION PRESENTED FOR REVIEW:**

      IS INJURY RESULTING FROM AN EMPLOYER'S **HANDLING** OF ITS EMPLOYEE'S WORKERS' COMPENSATION CLAIM ITSELF A COMPENSABLE INJURY UNDER THE WORKERS' COMPENSATION ACT?

II.   **BASIS FOR CERTIFICATION:**

      1.   This is a case of first impression in Connecticut; and
      2.   A question of great public importance is involved.

III.  **SUMMARY OF CASE:**

      Antonio DeOliveira sustained a work related back injury on May 11, 1989 while an employee of Ross and Roberts, Inc. Ross

1

Laurence V. Parnoff, P.C.              1566 Park Avenue
Attorneys and Counselors at Law         Bridgeport, CT 06604
tel: (203) 336-1861                     fax: (203) 336-1863
Juris No.: 101180

and Roberts instructed Mr. DeOliveira to see Dr. Dworken who reported that Mr. DeOliveira had sustained a disabling back injury at work and referred Mr. DeOliveira treatment.

Despite these reports both Ross and Roberts and its insurer, Liberty Mutual Insurance Co. contested Mr. DeOliveira's Workers' Compensation claim and failed to pay benefits until after Commissioner Metro issued his Findings and Award on March 30, 1995, (**APPENDIX B**).

Commissioner metro made the following findings:

". . . The treating physicians of the Claimant for the low back injury were doctors Forte and Dworken . . . ." (Finding and Award, paragraph E).

"The Claimant was referred to Dr. Gang [a clinical psychologist] by Dr. Forte and Dr. Dworken." (April 25, 1995 Ruling on Claimant's Motion To Correct Finding And Award Dated March 30, 1995).

". . . The emotional/psychological problems which the Claimant developed, and may still be suffering from, are a result of his frustration with the treatment he received by his employer, the delays in resolving his claim, a sense of loss of honor, and other factors which he attributes and blames on the employer." (Finding and Award, paragraph I).

"Dr. D'Apice testified, `It is my medical opinion that the narcissistic injury occurred on May 11, 1989 while the

2

**Laurence V. Parnoff, P.C.**
Attorneys and Counselors at Law
tel: (203) 336-1861
Juris No.: 101180

1566 Park Avenue
Bridgeport, CT 06604
fax: (203) 336-1863

individual was working . . . The functional overlay was concomitant and associated with the narcissistic injury and Mr. DeOliveira feeling that he was not being treated fairly or rightly.'" (Finding and Award, paragraph 34).

". . . The Respondent employer's denial of the compensability of the Claimant's alleged back injury was unreasonable and caused unnecessary delay in the processing of the Claimant's claim . . . ." (Finding and Award, second to last paragraph).

With the exception of the Commissioner's failure to find that the emotional/psychological problems were compensable under the Workers' Compensation Act, none of the findings were contested and all are res adjudicata and binding on the parties.

The Claimant filed a Motion For Correction of findings requesting the Commissioner to find that the Claimant's emotional/psychological problems were compensable both:

(1) because those problems were caused in the first instance and secondary to the Claimant's physical work injury to his back; and

(2) because the employer's causing emotional/psychological injury as a result of its handling of an employee's Workers' Compensation claim - including its unreasonably contesting that claim - is itself a compensable injury under the Workers' Compensation Act.

3

| | |
|---|---|
| **Laurence V. Parnoff, P.C.**<br>Attorneys and Counselors at Law<br>tel: (203) 336-1861 | 1566 Park Avenue<br>Bridgeport, CT 06604<br>fax: (203) 336-1863 |

Juris No.: 101180

The Commissioner failed to correct his Finding and Award as requested and the Claimant duly appealed to the Compensation Review Board. The Compensation Review Board affirmed the Commissioner.

Thereafter the Appellate court, without opinion, affirmed the decision of the Compensation Review Board.

IV.     <u>ARGUMENT IN SUPPORT OF PETITION:</u>

The Plaintiff-Appellant has brought suit against both Defendant-Appellees, the plaintiff's employer and the employer's insurance company for causing the psychological injury the Compensation Commissioner found resulted from the unreasonable contesting the Plaintiff's Workers' Compensation claim - the claim which is the subject of this appeal.

The CRB has determined that the psychological injury the Compensation Commissioner found to be caused by the handling of the Plaintiff's Workers' Compensation claim is not a compensable injury under the act.

Ross & Roberts moved to strike all, but the plaintiff's wrongful discharge claim, counts of the plaintiff's complaint based on the exclusivity of the Workers' Compensation Act. This motion was granted by the Court, Skolnick, J., (<u>APPENDIX C</u> attached). Liberty Mutual has stated its intention to file a motion to strike in the complaint against it and, on the basis

4

**Laurence V. Parnoff, P.C.**              1566 Park Avenue
Attorneys and Counselors at Law           Bridgeport, CT 06604
tel: (203) 336-1861                       fax: (203) 336-1863
Juris No.: 101180

if past experience with Liberty, it can reasonably be expected to raise the purported exclusivity of the Workers' Compensation Act in its motion to strike.

As the law of this case now stands this employee's injury is not compensable under the Workers' Compensation Act as a result of the CRB decision and can not be redressed by the court as a result of the court's decision that the Workers' Compensation Act provides the exclusive remedy, to wit: no remedy.

There is no Supreme Court case - or for that matter Appellate Court case - which has decided whether or not the handling of a Workers' Compensation claim is compensable under the Workers' Compensation Act. Contrary to the decision of the Court, Skolnick, J., a number of Superior Court cases have held that the exclusivity clause of the workers' compensation act does not bar a cause of action where, as in this case, it is alleged that intentional tortious conduct or intentional bad faith was engaged in with respect to the handling or payment of a plaintiff's workers' compensation claim: Rotz v. Middlesex Mutual Assurance Co., 1995 Conn. Super. LEXIS 236, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488, 13 CONN. L. RPTR. 324 (January 27, 1995) (Hauser, J.); Carpentino v. Transport Ins. Co., supra, 609 F. Supp. 558; Viviani v. Powell, 1996 Conn. Super. LEXIS 1785, Superior Court, judicial district of New Haven at New Haven, Docket No. 384941

Laurence V. Parnoff, P.C.                         1566 Park Avenue
Attorneys and Counselors at Law                    Bridgeport, CT 06604
tel: (203) 336-1861                                fax: (203) 336-1863
              Juris No.: 101180

(July 15, 1996) (Freedman, J.) (17 CONN. L. RPTR. 11); Bariko v. Travelers Insurance Co., 1993 Conn. Super. LEXIS 254, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 291652 (February 1, 1993) (Ballen, J.) (8 CONN. L. RPTR. 316, 8 CSCR 209); Tingley v. Town of Wallingford, 1994 Conn. Super. LEXIS 40, Superior Court, judicial district of New Haven at Meriden, Docket No. 236904 (January 11, 1994) (Dorsey, J.) (9 CSCR 132); Hickman v. U.S. Fire Ins. Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 427557 (October 20, 1987) (Spada, J.) (2 CSCR 1177); Maroon v. Aetna Casualty & Surety, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 312091 (October 19, 1987) (Satter, J.) (2 CSCR 1175); Massa v. American Mutual Ins. Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 308820 (July 1, 1985) (Byrne, J.) (1 CSCR 469); see also Us v. ITT Hartford, 1995 Conn. Super. LEXIS 1777, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318814 (June 14, 1995) (Maiocco, J.) (14 CONN. L. RPTR. 333); Sansone v. Esis, Inc., 1993 Conn. Super. LEXIS 111, Superior Court, judicial district of New Haven at New Haven, Docket No. 327409 (January 6, 1993) (Maiocco, J.) (8 CONN. L. RPTR. 171).

Nevertheless, the Plaintiff, as a result of the conflicting decisions of the CRB and the Superior Court, is left without a

**Laurence V. Parnoff, P.C.**                1566 Park Avenue
Attorneys and Counselors at Law              Bridgeport, CT 06604
tel: (203) 336-1861                          fax: (203) 336-1863
Juris No.: 101180

remedy: Workers' Compensation finding the plaintiff's claim not compensable (and thereby directing the plaintiff to the courts) and the court determining that it is without jurisdiction because the plaintiff's claim against his employer Ross & Roberts is exclusively compensable under the Workers' Compensation Act!

Article First, Sec. 10, of the Connecticut Constitution provides that:

> "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

The Workers' Compensation Commissioner has found that the Plaintiff sustained a psychological injury as a result of the handling of his Workers' Compensation claim; and that that claim is not compensable under the Workers' Compensation Act. Certainly the Courts too are not closed to him.

A statement of the law by this Court would reduce litigation at both the trial and appellate levels and give appropriate guidance, there being no Appellate decision dealing with the question of compensability under the Workers' Compensation Act of tortious handling of a Workers' Compensation claim. The considerable public importance of this question is evidenced by the number of lower court decisions.

7

|  |  |
|---|---|
| **Laurence V. Parnoff, P.C.**<br>Attorneys and Counselors at Law<br>tel: (203) 336-1861 | 1566 Park Avenue<br>Bridgeport, CT 06604<br>fax: (203) 336-1863 |

Juris No.: 101180

## APPENDIX

A. Decision of Appellate Court released December 3, 1997. (Attached hereto)

B. Commissioner Metro's Findings and Award dated March 30, 1995.

C. June 24, 1997 Memorandum of Decision on Ross & Robert's Motion to Strike

D. A list of all parties to the appeal in the Appellate Court with the names and addresses of their counsel is as follows:

(1) Plaintiff-Appellant ANTONIO DEOLIVERIA of 397 William Street, Bridgeport, CT 06608, represented by Laurence V. Parnoff, 1566 Park Avenue, Bridgeport, CT 06604; phone (203) 336-1861; fax No. (203) 336-1863; and Juris No. 101180.

(2) Defendant-Appellee MARYLAND CASUALTY CO., P.O. Box 15041, Hartford, CT 06115-0411, represented by Maher & Williams, P.O. Box 550, Fairfield, CT 06430-0550; phone: 203-255-7777; FAX: 203-254-6611; and Juris number: 405775.

8

| | |
|---|---|
| Laurence V. Parnoff, P.C.<br>Attorneys and Counselors at Law<br>tel: (203) 336-1861 | 1566 Park Avenue<br>Bridgeport, CT 06604<br>fax: (203) 336-1863 |

Juris No.: 101180

THE PLAINTIFF-APPELLANT

BY: LAURENCE V. PARNOFF, P. C.

BY: _____
LAURENCE V. PARNOFF
his Attorney

## CERTIFICATION

DATED: DECEMBER 17, 1997

This is to certify that in accordance with C.P.B. 4129, an original and ten (10) additional copies of the foregoing PETITION FOR CERTIFICATION has been mailed this day to the Appellate Court Clerk and, that in accordance with C.P.B. 4014, a copy of the foregoing PETITION FOR CERTIFICATION has been mailed this day to: Maher & Williams, P.O. Box 550, Fairfield, CT 06430-0550.

THE PLAINTIFF-APPELLANT, BY:
LAURENCE V. PARNOFF, P.C., BY:

_____
LAURENCE V. PARNOFF
his Attorney

9