APPELLATE COURT
of the
STATE OF CONNECTICUT

NO. A.C. 16726

ANTONIO DeOLIVERIA

v.

ROSS AND ROBERTS, INC., ET AL

---

**DEFENDANT/APPELLEE'S STATEMENT IN OPPOSITION
TO PLAINTIFF/APPELLANT'S PETITION FOR CERTIFICATION**

---

For Defendant/Appellee

James D. Moran, Jr.
Maher & Williams
P.O. Box 550
Fairfield, CT 06430
(203) 255-7777

(1)     QUESTION PRESENTED FOR REVIEW

Is an injury resulting from an employer's handling of his employee's workers' compensation claim itself a compensable injury under the Workers' Compensation Act?

(2)     BASIS FOR CERTIFICATION

The Petitioner argues that this is a case of first impression within the State of Connecticut and presents a question of great public importance.

(3)     SUMMARY OF THE CASE

The Petitioner sustained an injury to his lumbar spine arising out of and in the course of his employment with Ross and Roberts, Inc. on May 11, 1989. As a residual of this injury the employer and their workers' compensation carrier were directed to pay to or on behalf of the Petitioner periods of temporary total compensation, temporary partial compensation and specific compensation together with payment for services rendered by the Petitioner's attending physician.

Notwithstanding the compensability of the injury to the Petitioner's lumbar spine, he also sought compensation for a claim of emotional and psychiatric problems which he contends are causally related to his compensable injury of May 11, 1989. After a hearing on the merits of this claim the Commissioner for the Seventh District found that the psychiatric component of this claim was not related to the physical injury on the date in question but resulted from a sense of

2

frustration with the perceived treatment the Petitioner received from the employer, delays in the workers' compensation system in resolving this claim and a sense of loss of honor as well as other factors which the Petitioner blames or attributes to the employer and the workers' compensation carrier.

This dismissal was subsequently affirmed by the Compensation Review Board concluding that the psychiatric and/or psychological injury claimed by the Petitioner was not a direct result of the compensable back injury, thus that injury was not a substantial factor in contributing to these problems. See <u>Antonio DeOliveira v. Ross and Roberts, Inc.</u>, Case No. 30033CRB-4-95-4 (December 13, 1996). The Compensation Review Board's decision was, in turn, affirmed in a per curiam order by the Appellate Court. <u>Antonio DeOliveira v. Ross and Roberts, et al</u>, 47 Conn. App. 919 (1997).

(4)   ARGUMENT

As a preliminary matter it must be noted that in the Petitioner's argument in support of his petition he would seemingly have this Court address an issue not properly before it, to wit: whether the trial court in the Petitioner's ancillary civil case properly dismissed six counts of his revised complaint. It should be noted that the trial court's memorandum of decision on this motion to strike is dated June 24, 1997. The Finding and Dismissal at issue was rendered on

3

March 30, 1995 and the Compensation Review Board's decision was issued on December 13, 1996. Therefore, the Petitioner is asking this Court to address an issue when the basis of his argument is premised largely upon facts which have never been introduced into evidence. Query as to whether the Petitioner claimed res judicata in the civil suit or has either appealed from the trial court's ruling or reserved his right of appeal. See **Connecticut Practice Book §4002**. In the context of this petition it is inappropriate to ask this Court to either address the trial court's ruling upon the motion to strike previously discussed or to ask this Court to review the decision of the Appellate Court based upon facts not in evidence before the originating Trial Commissioner, the Compensation Review Board, or the Appellate Court.

"Certification by the Supreme Court on Petition by a party is not a matter of right but of sound judicial discretion and will be allowed only where there are special and important reasons therefore." **Connecticut Practice Book §4127**. The function of a court reviewing a petition for certification is to determine whether the petition raises a substantial question which should be considered in the interests of justice to litigants or in the interests of preserving a stable, sound and consistent body of case law in the state. State v. Cullum, 149 Conn. 728, 176 A.2d 587

4

(1961); see also State v. Chisholm, 155 Conn. 706-707, 236 A.2d 465 (1967). It is submitted that in the case at bar the Petitioner has failed to present any compelling reason for this Court's granting of his Petition for Certification.

The Trial Commissioner had determined that the claimant's physical injury was not a substantial factor with respect to the claimant's alleged psychiatric/psychological disability nor did that presentation constitute sequelae of the compensable injury. In short the Trial Commissioner found that the claimant's psychiatric/psychological claim was not proximately caused by his compensable injury. That is, that injury was not a substantial factor in the development of his condition. The substantial factor test of causation has been and remains the standard of causation in this state. See McDonough v. Connecticut Bank & Trust Co., 204 Conn. 104, 117-118 (1986). Because the essence of the issue presented is a fact specific determination, whether the claimant's work related injury was the proximate cause of his psychological and/or psychiatric disability the issue presented does not rise to the level of public importance as suggested by the Petitioner. Indeed, the Petitioner has through the commencement of a civil suit conceded, through judicial admission, that the psychiatric disability flows from alleged "bad faith" in the employer's handling of the compensation claim and therefore does not fall within the purview of our Workers' Compensation Act. Therefore, as suggested previously the

5

appropriate course of redress for this Petitioner is appeal from the trial court's decision. By way of this petition the Petitioner attempts to circumvent proper appellate procedure by asking this Court to re-examine the decisions of the Trial Commissioner, Compensation Review Board and Appellate Court in the context of a ruling in an ancillary civil suit.

(5)     CONCLUSION

For the reasons set forth above it is respectfully submitted that the Petitioner's Petition for Certification be denied.

THE DEFENDANT/APPELLEE
ROSS AND ROBERTS and
LIBERTY MUTUAL INSURANCE COMPANY

By _____
James D. Moran, Jr.
Maher & Williams
P.O. Box 550
Fairfield, CT 06430
(203) 255-7777

6

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, this date, to the following parties:

Laurence V. Parnoff, Esq.
1566 Park Avenue
Bridgeport, CT 06604

_____
James D. Moran, Jr.

7