RETURN DATE: MAY 28, 2002              SUPERIOR COURT

ANTONIO DEOLIVEIRA

                                                     JUDICIAL DISTRICT OF

v.                                                            FAIRFIELD AT BRIDGEPORT

LIBERTY MUTUAL INSURANCE CO.          APRIL 22, 2002

## COMPLAINT

FIRST COUNT, NEGLIGENCE CLAIM:

     1.     On MAY 11, 1989 the plaintiff ANTONIO DE OLIVEIRA, (hereinafter referred to as the injured employee), was an employee of the ROSS & ROBERS, INC. (hereinafter referred to as employer), as that term is defined by the Workers' Compensation Act (hereinafter referred to as the Act) in §31-275(5) of the Connecticut General Statutes (hereinafter referred to as C.G.S.).

     2.     At all material times the employer was subject to the provisions of the Act as required by C.G.S. §31-284.

     3.     At all material times the defendant LIBERTY MUTUAL INS. CO. (herein after referred to as the defendant insurer) was, and continues to be, a business duly organized and existing under and by virtue of the laws of the State of Connecticut, or authorized to do business within such State.

     4.     The payment of benefits under the Act for covered injuries and damages were required, by C.G.S. §31-284(b), to be insured or otherwise guaranteed.

5. On MAY 11, 1989 the plaintiff's employer had insured the payment of its Worker's Compensation liability to its employees by identifying the defendant insurer as the party responsible for insuring such payments.

6. This contract of insurance was purchased by the employer from the defendant insurer:
(a) in return for the payment by the employer of an insurance premium to the defendant insurer; and
(b) for the purpose of providing Worker's Compensation benefits to injured employees of the employer.

7. This insurance policy was sold by the defendant insurer with full knowledge of its legal and contractual duties and obligations.

8. Under the terms of this insurance contract with the employer, the defendant insurer agreed to pay benefits covered under the Act to employees of ROSS & ROBERS, INC. who sustained an injury, as that term is defined by C.G.S. §31-275(8), arising out of and in the course of employment, as that phrase is defined by C.G.S. §31-275(12).

9. By so agreeing with the employer the defendant insurer was obligated to pay benefits due an injured employee in accordance with the Act and the terms of its contract with the employer.

10. At all material times alleged herein, this insurance guarantee for the payment of losses under the Act was in full force and effect.

11. This insurance agreement was entered into by the defendant insurer with the employer for the benefit of employees of ROSS & ROBERS, INC.

12. Notice was given to employees of ROSS & ROBERS, INC. as beneficiaries of said

Workers' Compensation insurance or guarantee as required by Chapter 568 of the Connecticut General Statutes.

13. On MAY 11, 1989 the injured employee, ANTONIO DE OLIVEIRA, sustained injuries and exacerbations, as those terms are defined by C.G.S. §31-275(8).

14. Said injuries and exacerbations arose out of and in the course of the plaintiff's employment with the employer, as that phrase is defined by C.G.S. §31-275(12).

15. The injured employee gave notice of injury to his Employer.

16. The injured employee complied with all reasonable requests of his Employer.

17. The injured employee was entitled to the rights and benefits under the Act commencing not later than 7 days following said injury, as provided by section C.G.S. §31-295.

18. The injured employee was also entitled to the rights and benefits under the contract of insurance sold by the defendant to the plaintiff's employer, as provided by section C.G.S. §31-340 and the insurance contract itself.

19. The defendant insurer was obligated under the Act:
(a) by C.G.S. §31-295, to pay wage and medical benefits to an employee, who sustains an injury arising out of and in the course of employment, in a timely manner when and as due, but not later than 15 days after notice of said benefits being due;
(b) by C.G.S. §31-290, not to evade its obligations under the Act;
(c) by C.G.S. §31-290c, not to prevent or attempt to prevent the receipt of benefits or reduce or attempt to reduce the amount of benefits under the Act by intentionally misrepresenting any material fact or intentionally failing to disclose any material fact;

        and

(d)      by C.G.S. §31-296 and C.G.S. §31-296a not to discontinued or reduced any payments without the approval of the commissioner.

20.      At all times herein relevant the defendant insurer knew, or should have known, that the Act is remedial in character and all rights of employees under the Act were to be construed liberally to effectuate its purposes.

21.      At all times herein relevant the defendant insurer knew, or should have known, that the purpose of the Act was the execution of a general public policy that sees in its giving of basic benefits to protect workers from a loss of income and the cost of medical care the relief given to those workers called upon to suffer as the result of industrial accidents as a humane and wholesome social regulation.

22.      At all times herein relevant the defendant insurer knew, or should have known, that the underlying principle of the Act was that the ends of justice and equity would best be served and the general good promoted, by lifting from the shoulders of unfortunate victims of industrial mishaps and their dependents some measure of the resulting burden, and casting it upon the industry which occasioned it and, through that industry, upon society at large.

23.      At all relevant times the defendant knew, or should have known:
(a)      the nature and extent of the injured employee's injury, losses and damages;
(b)      the nature, purpose, and underlying principal of the Act;
(c)      its obligations under the Act and its policy of insurance;
(d)      that the injured employee would rely on its compliance with the Act including its fairly and honestly conducting the aforesaid investigation and providing the aforesaid notice; and
(e)      that the injured employee's medical condition would be exacerbated by its failure to

handle the plaintiff's Workers' Compensation claim in good faith and in accordance with its statutory and contractual duties.

24. On March 30, 1995 the Workers' Compensation Commission found that the plaintiff's work injury claim had been unreasonably denied and his payments unnecessarily delayed.

25. On August 22, 2001 the Workers' Compensation Commission found that the payments which had been ordered to be paid on March 30, 1995 had been wrongfully withheld from the plaintiff which had continued to violate its aforesaid statutory and contractual duties.

26. The defendant insurer:
   (1) unreasonably denied, and continued to deny, the plaintiff's back injury claim, as found by the Workers' Compensation Commission;
   (2) unreasonably contested the plaintiff's back injury claim;
   (3) unnecessarily delayed payments due the plaintiff as a result of his back injury, as found by the Workers' Compensation Commission;
   (4) failed to pay wage and medical benefits when and as due;
   (5) failed to conduct a timely investigation of the claim;
   (6) misrepresented the cause of the plaintiff's back injury;
   (7) failed to obtain medical examinations and evaluations of the plaintiff's condition;
   (8) failed to acknowledge, denying and withholding information that the doctor to whom its principal sent the plaintiff for evaluation had reported that the plaintiff had sustained a disabling work injury as the plaintiff claimed,
   (9) disclaimed the plaintiff's back injury claim without reasonable basis, as found by the Workers' Compensation Commission, and
   (10) caused further injury to the plaintiff by its handling of the plaintiff's Workers' Compensation claim as found by the Workers' Compensation Commission, to wit: emotional/psychological problems, and, in addition, depression, anxiety,

emotional distress and despair with secondary exacerbation of the pain associated with his back condition and the deterioration of his physical condition;

27. By acting as aforesaid, the defendant insurer negligently:

(a) acted, and continued to act, in violation of its statutory duties under the Act;

(b) acted, and continued to act, in violation of, and failing to carry out, the express terms and implied duties of its policy of insurance;

(c) disregarded, and continued to disregard, the injured plaintiff's physical, mental and financial condition (as stated in the medical reports it received and in its records), and continuing to disregard the effects of its actions thereon;

(d) acted, and continued to act, in disregard of further psychological and emotional injury and financial damage being caused to the plaintiff;

(e) acted, and continued to act, unfairly and unreasonably regarding its duties and obligations as herein stated in the preceding paragraphs;

(f) failed, and continued to fail, to timely comply with, the Act;

(g) failed, and continued to fail, to timely provide a full, fair and reasonable investigation of the plaintiff's back claim by its failing to obtain medical examinations and evaluations of the plaintiff's condition or any other evidence to reasonably support its disclaimer of the plaintiff's back injury claim;

(h) failed, and continued to fail, to timely provide a reasonable basis for its contesting of the plaintiff's back injury claim;

(i) failed, and continued to fail, to timely provide a full and truthful disclosure of material facts, to wit:

(1) that it had no reasonably basis for contesting the plaintiff's Workers' Compensation back claim as found by the Workers' Compensation Commissioner;

(2) that its disclaiming the plaintiff's back injury claim was without reasonable basis as found by the Workers' Compensation Commission; and

  (3) that the doctor to whom its principal sent the plaintiff for evaluation found the plaintiff to have sustained a disabling work related injury as the plaintiff claimed; and/or

(j) failed, and continued to fail, to timely comply with the terms of its contract of insurance.

28. As a result of the aforesaid conduct of the defendant, the plaintiff suffered, and continues to suffer, injuries, damages and losses in that he:

(a) was forced to rely on limited savings and the charity of others for the basic necessities of life;

(b) was prevented from making necessary decisions and plans for the future regarding his and his wife's retirement;

(c) was required to undertake the expense and stress of formal Workers' Compensation Hearings;

(d) was subjected to emotional distress, the exacerbation of the injured employee's physical and mental conditions and caused thereby to suffer further injuries and damages as found by the Workers' Compensation Commission, to wit: emotional/psychological problems, and, in addition, depression, anxiety, emotional distress and despair with secondary exacerbation of the pain associated with his back condition and the deterioration of his physical condition;

(e) was caused to suffer humiliation, stress and embarrassment;

(f) was caused to incurred additional expenses for medical care and attention and pharmaceutical supplies, and may be required to expend additional sums for some or all of these in the future; and

(g) was incapacitated, restricted and limited from carrying on life's usual activities, including the ability to work and earn income and, as a result of the permanent nature of the injury, may in the future be incapacitated from carrying on these activities.

SECOND COUNT, INTENTIONAL TORTIOUS CONDUCT CLAIM:

1.  Paragraphs 1 through 26 of the First Count are hereby incorporated and made paragraphs 1 through 26 of this Count.

27.  The defendant insurer intentionally:
Subparagraphs (a) through (j) of paragraph 27 of the First Court are repeated herein as subparagraphs (a) through (j) of this paragraph.

(k)  used the injured employee's medical and financial condition for its financial benefit by withholding payments due the plaintiff and keeping that money for its own use and benefit;

(l)  took advantage of the injured employee's condition in an attempt to cause a payment of benefits at less then fair and just compensation or to cause the injured employee to abandon in whole or in part just claims under the Act; and

(m)  attempted to prevent the receipt of benefits or to reduce the amount of benefits under the Act by misrepresenting the cause of the plaintiff's back injury to be "personal in nature."

28.  Paragraph 28 of the First Count is hereby incorporated and made paragraph 28 of this Count.

THIRD COUNT, RECKLESS CONDUCT CLAIM:

1.  Paragraphs 1 through 26 of the First Count are hereby incorporated and made paragraphs 1 through 26 of this Count.

27.  The defendant recklessly:

Subparagraphs (a) through (m) of paragraph 24 of the Second Court are repeated herein as subparagraphs (a) through (m) of this paragraph.

28. Paragraph 28 of the First Count is hereby incorporated and made paragraph 28 of this Count.

FOURTH COUNT, BREACH OF IMPLIED COVENANT OF GOOD FAITH CLAIM:

1. Paragraphs 1 through 26 of the First Count are hereby incorporated and made paragraphs 1 through 26 of this Count.

27. The defendant insurer acted in bad faith by acting as alleged herein in the First, Second, Third, Fifth and Sixth Counts.

28. Paragraph 28 of the First Count is hereby incorporated and made paragraph 28 of this Count.

FIFTH COUNT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM:

1. Paragraphs 1 through 26 of the Second Count are hereby incorporated and made paragraphs 1 through 26 of this Count.

27. The defendant insurer, which knew the effect of its conduct on the plaintiff, intentionally inflicted emotional distress on the plaintiff by intentionally:
   (1) disregarding the injured employee's physical, mental and financial condition and needs;
   (2) disregarding both the fact, and the known probability, of inflicting stress and strain on

       the injured employee's financial, physical and mental conditions and thereby of causing such further psychological and motional injuries and damages which were substantially certain to follow;

(3)    attempting to use the injured employee's weakened medical and financial condition for the defendant's financial benefit by withholding payments due;

(4)    attempting to take advantage of the injured employee's condition to cause a payment of benefits at less then fair and just compensation or to cause the injured employee to abandon in whole or in part just claims under the Act; and

(5)    attempting to prevent the receipt of benefits or to reduce the amount of benefits under the Act by misrepresenting and/or withholding material facts or information.

28.    Paragraph 28 of the First Count is hereby incorporated and made paragraph 28 of this Count.

SIXTH COUNT, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS:

1.    Paragraphs 1 through 26 of the First Count are hereby incorporated and made paragraphs 1 through 26 of this Count.

27.    The defendant insurer inflicted emotional distress on the plaintiff by its negligent:

(1)    disregard of the injured employee's physical, mental and financial condition and needs; and

(2)    disregard of the fact and known probability of inflicting stress and strain on the injured employee's financial, physical and mental conditions and thereby of causing such further psychological and motional injuries and damages which were substantially certain to follow.

28. Paragraph 28 of the First Count is hereby incorporated and made paragraph 28 of this Count.

SEVENTH COUNT, CUIPA ALLEGATIONS AS BASIS FOR CUTPA CLAIM:

1. Paragraphs 1 through 27 of the preceding Counts are hereby incorporated and made paragraphs 1 through 27 of this Count.

28. The aforesaid insurance policy was sold by the defendant insurer:
    (1) as part of the conduct of its business of selling insurance; and
    (2) as commerce in which it engaged by advertising, selling, and offering for sale and distribution to the public its insurance services and such contracts of insurance.

29. The defendant insurer has acted as aforesaid on other occasions such that its conduct appears to be a general business practice to discourage Workers' Compensation claims, breach its contractual and statutory duties to injured employees and deprive injured employees of their rights under the Worker's Compensation Act, thereby taking an unfair trade advantage against business competitors who truly, fairly and justly discharge their duties to injured employees under the Act and their contract of insurance or guarantee.

30. The foregoing acts and omissions constitute a violation of the Unfair Insurance Practices Act of the State of Connecticut set forth in the Connecticut General Statutes, Section 38a-816:
    (a) (1) Misrepresentations and false advertising of insurance policies by its breaching its
        (i) express representations in its policy of insurance that it would conform its conduct to the requirements of the Act and regulations and the terms of its

|      |        | policy of insurance, |
|------|--------|----------------------|
|      | (ii)   | express representations in its policy of insurance that it would pay claims covered under the Act and its policy of insurance, and |
|      | (iii)  | its implied representation to act in good faith in its conduct under its policy of insurance; |
| (b)  | (2) False information and advertising generally by its breaching its | |
|      | (i)    | express representations in its policy of insurance that it would conform its conduct to the requirements of the Act and regulations and the terms of its policy of insurance, |
|      | (ii)   | express representations in its policy of insurance that it would pay claims covered under the Act and its policy of insurance, and |
|      | (iii)  | its implied representation to act in good faith in its conduct under its policy of insurance; |
| (c)  | (6) Unfair claim settlement practices, (Committed or performed with such frequency as to indicate a general business practice); | |
| (d)  | (7) Failure to maintain complaint handling procedures by not having such procedures, or having an understanding of what such procedures are sufficiently to respond to a request for complaints; and | |
| (e)  | (15) Failure to pay accident and health claims consisting of the plaintiff's medical bills for his accidental work injury within forty-five days of receipt by an insurer of the claim without the insurance commissioner determining that a legitimate dispute exists as to coverage, liability or damages. | |

31. At all times herein relevant the defendant was a "person" within the meaning of C.G.S §42-110a(3).

32. At all times herein relevant the defendant was engaged in commerce within the meaning of C.G.S §42-110(a)(4).

33. The defendant's conduct constitutes a violation of Connecticut's Unfair Trade Practices Act, C.G.S §42-110a, et seq.

34. One or more of the aforesaid acts and omissions of the defendant insurer constitute a violation of Connecticut's Unfair Trade Practices Act, C.G.S. §42-110a, et seq.

35. Paragraph 28 of the First Count is hereby incorporated and made paragraph 28 of this Count.

THE PLAINTIFF BY:
LAURENCE V. PARNOFF, P.C.
BY:_____
LAURENCE V. PARNOFF, No.:101180
1566 Park Ave Bridgeport, 06604-2502
Tel.: 203-336-1861  Fax 203-336-1861

| | |
|---|---|
| RETURN DATE: MAY 28, 2002 | SUPERIOR COURT |
| ANTONIO DEOLIVEIRA | |
| | JUDICIAL DISTRICT OF |
| v. | FAIRFIELD AT BRIDGEPORT |
| LIBERTY MUTUAL INSURANCE CO. | APRIL 22, 2002 |

WHEREFORE, THE PLAINTIFF CLAIMS:

1. Monetary damages and the amount, legal interest, or property in demand is fifteen thousand dollars or more, exclusive of interest and costs and double and treble damages as allowed by law.
2. Punitive damages;
3. Costs of suit, Attorney's fees, and interest as provided by C.G.S. Sections 38a-334 and 42-ll0b;
4. Costs of suit, Attorney's fees and interest;
5. Such other relief as in law or equity may appertain;
6. An order enjoining the defendant from continuing to engage in the business of insurance in the State of Connecticut.
7. An order that the defendant comply with the Worker's Compensation Act of the State of Connecticut.
8. Treble damages for theft pursuant to C.G.S. Sections 31-290c(a) and 52-564

THE PLAINTIFF BY:
LAURENCE V. PARNOFF, P.C.
BY: _____
LAURENCE V. PARNOFF, No.:101180
1566 Park Ave Bridgeport, 06604-2502
Tel.: 203-336-1861  Fax 203-336-1861