

FILED

2002 JUL -1  P 3: 09

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ANTONIO DEOLIVEIRA,<br>    Plaintiff, | : |
| VS. | : DOCKET NO. 3:02CV893(RNC) |
| LIBERTY MUTUAL INSURANCE CO.<br>    Defendant. | : JULY 1, 2002 |

### ANSWER AND AFFIRMATIVE DEFENSES

The defendant, Liberty Mutual Insurance Company ("Liberty"), answers as follows:

**FIRST COUNT**

1.      Liberty has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 1, 6, 7, 12, 13, 14, 15, 16, 23(a), 23(d), 23(e) and 28 and therefore leaves plaintiff to his proof. To the extent said paragraphs call for a legal conclusion, they require no response.

2.      The allegations in Paragraphs 2, 4, 17, 18, and 19 call for a legal conclusion and therefore no response is required.

3. Liberty admits it is authorized to do business in the State of Connecticut as alleged in Paragraph 3. All remaining allegations in said paragraph are denied.

4. As to Paragraphs 5, 8, 9, 10, 11, and 23(c), to the extent said paragraphs call for a legal conclusion, they require no response. Otherwise, Liberty admits that it issued a worker's compensation policy of insurance to Ross & Roberts (sic), Inc. which provided certain benefits for certain covered losses to employees of Ross & Roberts (sic), Inc. and which was in effect on May 11, 1989. As to the benefits for a covered loss, the policy speaks for itself as to its terms, provisions, conditions, limitations, exclusions and endorsements. All remaining allegations in said paragraphs are denied.

5. As to Paragraphs 20, 21, 22, 23(b), and 23(c), to the extent said paragraphs call for a legal conclusion, they require no response. Otherwise, Liberty admits that it was aware of Connecticut's Workers Compensation Act, C.G.S. § 31-284(c) (hereinafter "Act"). As to the nature, purposes and principles underlying the Act or the specific provisions of the Act, the Act speaks for itself. All remaining allegations in said paragraphs are denied.

6. As to Paragraphs 24 and 25, Liberty admits the Worker's Compensation Commission issued Rulings on said dates. Said paragraphs are denied insofar as they purport to characterize the terms of those Rulings, which speak for themselves. All remaining allegations in said paragraphs are denied.

7. Liberty denies the allegations contained in Paragraphs 26 and 27 and all of their subparts.

**SECOND COUNT**

1. Liberty incorporates its responses to Paragraphs 1 - 26 of the First Count, as its responses to Paragraphs 1 - 26 of the Second Count.

2. Liberty denies the allegations contained in Paragraph 27 and all of its subparts.

3. Liberty incorporates its response to Paragraph 28 of the First Count, as its response to Paragraph 28 of the Second Count.

**THIRD COUNT**

1. Liberty incorporates its responses to Paragraphs 1 - 26 of the First Count, as its responses to Paragraphs 1 - 26 of the Third Count.

2. Liberty denies the allegations contained in Paragraph 27 and all of its subparts.

3. Liberty incorporates its response to Paragraph 28 of the First Count, as its response to Paragraph 28 of the Third Count.

**FOURTH COUNT**

1. Liberty incorporates its responses to Paragraphs 1 - 26 of the First Count, as its responses to Paragraphs 1 - 26 of the Fourth Count.

2. Liberty denies the allegations contained in Paragraph 27 and all of its subparts.

3. Liberty incorporates its response to Paragraph 28 of the First Count, as its response to Paragraph 28 of the Fourth Count.

**FIFTH COUNT**

1. Liberty incorporates its responses to Paragraphs 1 - 26 of the Second Count, as its responses to Paragraphs 1 - 26 of the Fifth Count.

2. Liberty denies the allegations contained in Paragraph 27 and all of its subparts.

3. Liberty incorporates its response to Paragraph 28 of the First Count, as its response to Paragraph 28 of the Fifth Count.

**SIXTH COUNT**

1. Liberty incorporates its responses to Paragraphs 1 - 26 of the First Count, as its responses to Paragraphs 1 - 26 of the Sixth Count.

2. Liberty denies the allegations contained in Paragraph 27 and all of its subparts.

3. Liberty incorporates its response to Paragraph 28 of the First Count, as its response to Paragraph 28 of the Sixth Count.

**SEVENTH COUNT**

1. Liberty incorporates its responses to Paragraphs 1 - 27 of the Preceding Counts, as its responses to Paragraphs 1 - 27 of the Seventh Count.

2. As to Paragraph 28, Liberty admits it is in the business of selling insurance and that from time to time it may advertise its insurance products. Liberty denies the remaining allegations of said paragraph.

3. Liberty denies the allegations contained in Paragraphs 29, 30, 33 and 34, and all of their subparts.

4. The allegations in Paragraphs 31 and 32 call for a legal conclusion and, therefore, require no response.

5. Liberty hereby incorporates its response to Paragraph 28 of the First Count, as its response to Paragraph 35 of the Seventh Count.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (As To All Counts)

Plaintiff's action is barred, in its entirety, by the exclusivity provision of the Connecticut Workers' Compensation Act, as well as by plaintiff's recourse and attempted recourse to remedies for the defendant's alleged conduct. See Conn. Gen. Stat. §§ 31-284, 31-288 and 31-300; see also Brosnan v. Sacred Heart University, No. 333544, 1997 Conn. Super. LEXIS 2815 (Conn. Super. Ct. Oct. 21, 1997).

### SECOND AFFIRMATIVE DEFENSE (As To All Counts)

Plaintiff has failed to state a cause of action upon which relief may be granted under the doctrine of res judicata and collateral estoppel because the issues involved were decided or could have been decided in prior and/or pending actions before the Workers' Compensation Commission.

### THIRD AFFIRMATIVE DEFENSE (As To All Counts)

Without conceding the plaintiff has suffered any damages as a result of any purportedly wrongful conduct of the defendant, the plaintiff has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE (As To All Counts)

Plaintiff has received his benefits and remedies under the policy and the Worker's Compensation Act, which constitutes an accord and satisfaction, barring plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE (As To All Counts)

Without conceding that plaintiff has suffered any damages as a result of any purportedly wrongful conduct of the defendant, plaintiff has received his benefits and remedies under the policy and the Workers' Compensation Act and Liberty is entitled to an off set from any award for the full amounts paid by Liberty.

### SIXTH AFFIRMATIVE DEFENSE (As To All Counts)

Plaintiff has failed to state a cause of action upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE (As To All Counts)

Plaintiff's claims are barred by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE** (As To All Counts)

Plaintiff's alleged injuries were caused in whole or in part by his own negligence and/or that of his attorney/agent in that one or both of them: a) failed to provide adequate information to defendant; b) failed to cooperate fully and to respond to requests for information from the defendant; c) failed to provide timely information; d) failed to proceed with the resolution of plaintiff's claim with diligence and expedience; e) caused the resolution of plaintiff's claim to be delayed through continuances, lack of preparation, inadequate compliance with or use of available procedures, and other dilatory tactics; f) adopted unreasonable positions with respect to the resolution of plaintiff's claim; and/or g) failed to consider and/or accept reasonable resolutions to the claim.

**NINTH AFFIRMATIVE DEFENSE** (As To All Counts)

As a participant in the workers compensation proceedings and in this litigation, Liberty enjoys a legal privilege and/or absolute immunity, subject to the same procedural rights and responsibilities as the plaintiff.

### TENTH AFFIRMATIVE DEFENSE (As To All Counts)

The challenged conduct is protected under the First Amendment to the United States Constitution and/or under the First Article of the Constitution of the State of Connecticut, including defendant's right to petition and the Noerr-Pennington doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE (As To All Counts)

Plaintiff's claims are barred, in whole or in part, by the parties' agreement to arbitrate certain claims set forth in the complaint; accordingly the plaintiff has waived any right to proceed with respect to such matters in this forum.

### TWELFTH AFFIRMATIVE DEFENSE (As To All Counts)

This action should be stayed pursuant to 9 U.S.C. § 3.

### JURY DEMAND

The defendant demands a trial by jury.

DEFENDANT,
LIBERTY MUTUAL INSURANCE CO.

By _*A. G. Monaghan*_
    Daniel L. FitzMaurice (ct 05331)
    Ann Grunbeck Monaghan (ct 16745)
For  Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103
    (860) 275-0100
    Their Attorneys

### CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, via first class mail this date, to: Laurence Parnoff, P.C., 1566 Park Avenue, Bridgeport, Connecticut 06604.

_*A. G. Monaghan*_
Ann Grunbeck Monaghan