## CASE MANAGEMENT AGREEMENT

This Case Management Agreement (the "Agreement") is made and entered into as of December 5, 2003 by and between Antonio DeOliveira ("DeOliveira") and Liberty Mutual Insurance Company ("Liberty").

WHEREAS, a lawsuit brought by DeOliveira against Liberty is currently pending in the Connecticut Superior Court for the District of Fairfield at Bridgeport (the "Superior Court"), entitled Antonio DeOliveira v. Liberty Mutual Insurance Co., Docket No. CV-96-0329390-S (the "State Action");

WHEREAS, a lawsuit brought by DeOliveira against Liberty is currently pending before Judge Kravitz of the United States District Court for the District of Connecticut (the "District Court"), entitled Antonio DeOliveira v. Liberty Mutual Insurance Co., Docket No. 3:02CV893(MRK) (the "Federal Action");

WHEREAS, the parties wish to agree to a future procedure for resolution of this case;

NOW THEREFORE, the parties hereby agree as follows:

1. <u>Arbitration</u>. The parties agree to promptly submit all issues that have previously been raised in either the State Action or the Federal Action to binding arbitration (the "Arbitration"). These arbitration proceedings shall be conducted in accordance with judicial rules of evidence, as set forth in the Connecticut Code of Evidence and controlling precedent, and, except where it is clearly inapplicable, the Connecticut Practice Book. The issues to be arbitrated shall be determined in accordance with the substantive law of the State of Connecticut. Each party will select one arbitrator and will give the other party notice of such selection within thirty (30) days from the date of this Agreement, and the two arbitrators so selected will then jointly select a third arbitrator within thirty (30) days thereafter. Each party will pay the costs of

its selected arbitrator, and each party will each pay half the costs of the third arbitrator. The parties will make reasonable efforts to ensure the prompt convening of the arbitration panel and the speedy completion of the Arbitration. The parties further agree that the decision of the arbitration panel will be appealable in the normal course, pursuant to the provisions of Connecticut and federal law and the Connecticut Practice Book. Moreover, in the event that the Connecticut Appellate Court or Connecticut Supreme Court answer any of the Certified Questions in a way that would bring into question the standards applied or decisions rendered in the Arbitration, the award entered in the Arbitration will be vacated.

2. <u>Stipulation for Reservation and Certification</u>. The parties agree that, by December 5, 2003, they will file with the Superior Court a joint Motion for Reservation and a Stipulation for Reservation, both in the form attached hereto, requesting that the Superior Court reserve to the Connecticut Appellate Court or Connecticut Supreme Court the Certified Questions (as set forth in Section 4 below). The parties further agree that, by December 5, 2003, they will file with the District Court a joint Petition for Certification, in the form attached hereto, requesting that the District Court certify to the Connecticut Supreme Court the Certified Questions (as set forth in Section 4 below). The parties agree that the Certified Questions will be submitted in full in said joint motions, and that no other questions will be submitted in said joint motions. The parties further agree to cooperate to ensure that the Certified Questions are submitted in such format, and are accompanied by such additional documentation as is required by, the Connecticut Practice Book, the Federal Rules of Civil Procedure, the District of Connecticut Local Rules or Standing Orders, Connecticut or federal law, or the order of any court, so as to effectuate the successful reservation and stipulation of the Certified Questions.

3. <u>Motion for Stay.</u> The parties will, by December 5, 2003, submit a Motion for Stay to the District Court, in the form attached hereto, requesting that the District Court stay any further proceedings in the Federal Action pending completion of the Arbitration. The parties are in agreement that the Superior Court has already entered a stay in the State Action pending arbitration, but they agree that, if required in the future, they will cooperate and submit such joint motion as may be required to obtain a stay of the State Action pending the Arbitration.

4. <u>Certified Questions.</u> The parties agree that, pursuant to Section 2 of this Agreement, the following specific questions will be reserved and certified to the Connecticut Appellate Court and/or the Connecticut Supreme Court:

    A. Does Connecticut law recognize a cause of action against an insurer for bad faith processing of a worker's compensation claim?

    B. If the answer to A is yes, must a plaintiff asserting such a claim prove that the insurer intentionally or deliberately harmed the plaintiff?

    C. Alternatively, if the answer to A is yes, must a plaintiff merely show that the insurer was negligent?

    D. If the answer to A is yes, does the plaintiff's cause of action accrue on the date on which it is determined that the plaintiff's injury is compensable?

    E. Alternatively, if the answer to A is yes, does the plaintiff's cause of action accrue when the allegedly wrongful conduct produced injury, without regard to the date on which, or whether, the plaintiff's injury is found to be compensable?

5. <u>No Modification.</u> This Agreement shall not be modified or amended except by a written instrument signed by both parties hereto.

6. <u>Entire Agreement.</u> This Agreement constitutes the entire agreement between the parties and supersedes all previous and contemporaneous statements, communications, representations or agreements, either written or oral, by or between the parties with respect to the subject matter hereof.

7. <u>Severability.</u> The provisions of this Agreement are severable. Accordingly, the unenforceability of any provision of this Agreement shall not effect the enforceability of any other provision of this Agreement.

8. <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut.

9. <u>Counterparts.</u> This Agreement may be executed in counterparts, including facsimile counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

10. <u>Authority.</u> Any party signing below in a fiduciary capacity hereby represents that he or she is authorized to serve in such fiduciary capacity and has the authority to sign this Agreement on behalf of the party he or she represents.

11. <u>Binding Effect.</u> This Agreement shall bind and inure to the benefit of, and be enforceable by, the parties hereto, their executors, heirs, successors, attorneys, affiliates and assigns.

12. <u>Construction.</u> This release shall not be construed for or against any party because the party's legal representative drafted it or any portion thereof.

*[Remainder of page intentionally left blank.]*

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals.

ANTONIO DEOLIVEIRA

_/s/ signature_                                          Dated: _11-28-03_


LIBERTY MUTUAL INSURANCE COMPANY

By: _____                      Dated: _____
Name:
Title:

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals.

ANTONIO DEOLIVEIRA

_____        Dated: _____

LIBERTY MUTUAL INSURANCE COMPANY
By: _____[signature]_____        Dated: /2-4-2003
Name: SEAN B. McSWEENEY
Title: Assistant Vice President
       Senior Corporate Counsel