UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTONIO DEOLIVEIRA,                        :    DOCKET NO. 3:02 CV 893(MRK)

                                           :

            Plaintiff,                     :

                                           :

VS.                                        :

                                           :

LIBERTY MUTUAL INSURANCE CO.               :

                                           :

            Defendant.                     :    DECEMBER 5, 2003

## JOINT MOTION FOR STAY

Pursuant to 9 U.S.C. § 3 (2003) and Conn. Gen. Stat. §52-409 (2003), the parties jointly

request that this action be stayed pending arbitration of matters in dispute in this action and

reservation/certification of certain legal questions.

The parties have entered into a Case Management Agreement, a copy of which is

attached hereto as Exhibit A, for the resolution of the disputes between them.  Under the terms of

this Case Management Agreement, the parties will (a) submit to binding arbitration all issues in

this case as well as all issues in a case currently pending before the Connecticut Superior Court

for the Judicial District of Fairfield at Bridgeport, entitled Antonio DeOliveira v. Liberty Mutual

Insurance Co., No. CV-96-0329390-S (the "State Action"); and (b) seek advice from the

Connecticut Appellate Court or Connecticut Supreme Court as to three specific, dispositive legal

questions, as set forth in Exhibit A, by way of a reservation of issues from the State Action and a

certification from this Court.  The parties have also filed a Joint Petition for Certification with

this Court in order to effectuate the terms of their Case Management Agreement.

In light of this agreement, and of the Motion for Certification previously filed with this

Court, the parties jointly request that the action be stayed in accordance with Section 3 of the

Federal Arbitration Act, 9 U.S.C. § 3 and Conn. Gen. Stat. §52-409 and that no further

proceedings take place pending the outcome of both the arbitration and the reservation/ certification.  See also Minnesota Mutual Life Ins. Co. v. Ricciardello, No. 3:96CV2387(AHN), 1998 U.S. Dist. LEXIS 6721 (May 6, 1998) (granting motion to stay proceedings pending certification to the Connecticut Supreme Court)(attached as Exhibit B).

PLAINTIFF,
ANTONIO DEOLIVEIRA

By_____
     Laurence V. Parnoff (ct 06706)
     Laurence V. Parnoff, P.C.
     1566 Park Avenue
     Bridgeport, CT  06604
     (203) 336-1861
     His Attorney

DEFENDANT,
LIBERTY MUTUAL INSURANCE CO.

By_____
     Daniel L. FitzMaurice (ct 05331)
     Michelle I. Turner (ct24012)
     Day, Berry & Howard LLP
     CityPlace I
     Hartford, CT 06103-3499
     (860) 275-0100
     Its Attorneys

# CASE MANAGEMENT AGREEMENT

This Case Management Agreement (the "Agreement") is made and entered into as of December 5, 2003 by and between Antonio DeOliveira ("DeOliveira") and Liberty Mutual Insurance Company ("Liberty").

WHEREAS, a lawsuit brought by DeOliveira against Liberty is currently pending in the Connecticut Superior Court for the District of Fairfield at Bridgeport (the "Superior Court"), entitled Antonio DeOliveira v. Liberty Mutual Insurance Co., Docket No. CV-96-0329390-S (the "State Action");

WHEREAS, a lawsuit brought by DeOliveira against Liberty is currently pending before Judge Kravitz of the United States District Court for the District of Connecticut (the "District Court"), entitled Antonio DeOliveira v. Liberty Mutual Insurance Co., Docket No. 3:02CV893(MRK) (the "Federal Action");

WHEREAS, the parties wish to agree to a future procedure for resolution of this case;

NOW THEREFORE, the parties hereby agree as follows:

1.      Arbitration.  The parties agree to promptly submit all issues that have previously been raised in either the State Action or the Federal Action to binding arbitration (the "Arbitration").  These arbitration proceedings shall be conducted in accordance with judicial rules of evidence, as set forth in the Connecticut Code of Evidence and controlling precedent, and, except where it is clearly inapplicable, the Connecticut Practice Book.  The issues to be arbitrated shall be determined in accordance with the substantive law of the State of Connecticut. Each party will select one arbitrator and will give the other party notice of such selection within thirty (30) days from the date of this Agreement, and the two arbitrators so selected will then jointly select a third arbitrator within thirty (30) days thereafter.  Each party will pay the costs of

its selected arbitrator, and each party will each pay half the costs of the third arbitrator. The parties will make reasonable efforts to ensure the prompt convening of the arbitration panel and the speedy completion of the Arbitration. The parties further agree that the decision of the arbitration panel will be appealable in the normal course, pursuant to the provisions of Connecticut and federal law and the Connecticut Practice Book. Moreover, in the event that the Connecticut Appellate Court or Connecticut Supreme Court answer any of the Certified Questions in a way that would bring into question the standards applied or decisions rendered in the Arbitration, the award entered in the Arbitration will be vacated.

2.      Stipulation for Reservation and Certification. The parties agree that, by December 5, 2003, they will file with the Superior Court a joint Motion for Reservation and a Stipulation for Reservation, both in the form attached hereto, requesting that the Superior Court reserve to the Connecticut Appellate Court or Connecticut Supreme Court the Certified Questions (as set forth in Section 4 below). The parties further agree that, by December 5, 2003, they will file with the District Court a joint Petition for Certification, in the form attached hereto, requesting that the District Court certify to the Connecticut Supreme Court the Certified Questions (as set forth in Section 4 below). The parties agree that the Certified Questions will be submitted in full in said joint motions, and that no other questions will be submitted in said joint motions. The parties further agree to cooperate to ensure that the Certified Questions are submitted in such format, and are accompanied by such additional documentation as is required by, the Connecticut Practice Book, the Federal Rules of Civil Procedure, the District of Connecticut Local Rules or Standing Orders, Connecticut or federal law, or the order of any court, so as to effectuate the successful reservation and stipulation of the Certified Questions.

3.    <u>Motion for Stay.</u>  The parties will, by December 5, 2003, submit a Motion for

Stay to the District Court, in the form attached hereto, requesting that the District Court stay any

further proceedings in the Federal Action pending completion of the Arbitration.  The parties are

in agreement that the Superior Court has already entered a stay in the State Action pending

arbitration, but they agree that, if required in the future, they will cooperate and submit such joint

motion as may be required to obtain a stay of the State Action pending the Arbitration.

4.    <u>Certified Questions.</u>  The parties agree that, pursuant to Section 2 of this

Agreement, the following specific questions will be reserved and certified to the Connecticut

Appellate Court and/or the Connecticut Supreme Court:

A.    Does Connecticut law recognize a cause of action against an insurer for bad faith processing of a worker's compensation claim?

B.    If the answer to A is yes, must a plaintiff asserting such a claim prove that the insurer intentionally or deliberately harmed the plaintiff?

C.    Alternatively, if the answer to A is yes, must a plaintiff merely show that the insurer was negligent?

D.    If the answer to A is yes, does the plaintiff's cause of action accrue on the date on which it is determined that the plaintiff's injury is compensable?

E.    Alternatively, if the answer to A is yes, does the plaintiff's cause of action accrue when the allegedly wrongful conduct produced injury, without regard to the date on which, or whether, the plaintiff's injury is found to be compensable?

5.    <u>No Modification.</u>  This Agreement shall not be modified or amended except by a

written instrument signed by both parties hereto.

6.    <u>Entire Agreement.</u>  This Agreement constitutes the entire agreement between the

parties and supersedes all previous and contemporaneous statements, communications,

representations or agreements, either written or oral, by or between the parties with respect to the

subject matter hereof.

7.    Severability.  The provisions of this Agreement are severable.  Accordingly, the unenforceability of any provision of this Agreement shall not effect the enforceability of any other provision of this Agreement.

8.    Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut.

9.    Counterparts.  This Agreement may be executed in counterparts, including facsimile counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

10.    Authority.  Any party signing below in a fiduciary capacity hereby represents that he or she is authorized to serve in such fiduciary capacity and has the authority to sign this Agreement on behalf of the party he or she represents.

11.    Binding Effect.  This Agreement shall bind and inure to the benefit of, and be enforceable by, the parties hereto, their executors, heirs, successors, attorneys, affiliates and assigns.

12.    Construction.  This release shall not be construed for or against any party because the party's legal representative drafted it or any portion thereof.

*[Remainder of page intentionally left blank.]*

-4-

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals.


ANTONIO DEOLIVEIRA

Dated: _11 - 28 - 03_


LIBERTY MUTUAL INSURANCE COMPANY

By: _____          Dated: _____
Name:
Title:

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals.

ANTONIO DEOLIVEIRA

_____          Dated: _____

LIBERTY MUTUAL INSURANCE COMPANY

By: _____        Dated: _12-4-2003_

Name: SEAN B. McSWEENEY
Title: Assistant Vice President
        Senior Corporate Counsel

-5-

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 6721      Page 1 of 4

Case 3:02-cv-00893-MRK    Document 28-16    Filed 12/05/2003    Page 9 of 12

*1998 U.S. Dist. LEXIS 6721, ***

MINNESOTA MUTUAL LIFE INS. CO. v. ROBERT RICCIARDELLO, D.M.D.

CASE NO. 3:96CV2387(AHN)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1998 U.S. Dist. LEXIS 6721

May 4, 1998, Decided
May 6, 1998, Filed

**DISPOSITION: [*1]** Defendant's Motion to Amend Order and Stay Proceedings [doc. # 27] GRANTED IN PART AND DENIED IN PART.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant insurer brought a motion to amend the court's order to certify a question of first impression under 28 U.S.C.S. § 1292(B) to allow an interlocutory appeal and to stay the proceedings in plaintiff insured's action. The remaining claim in the insured's complaint alleged violations of the Connecticut Health Insurance Fraud Act (Act), Conn. Gen. Stat. § 53-440 et seq.

**OVERVIEW:** The court granted the insurer's motion to dismiss the insured's claims for breach of contract, recission, breach of the duty of good faith and fair dealing, and unjust enrichment on the grounds that those claims were barred by the incontestability clause of the insurance policy. The court also held that the incontestability clause did not bar the insured's claim under the Act. The insurer brought a motion to amend the court's ruling to allow an interlocutory appeal. The court denied the motion in part because it found that: 1) the question of whether the clause barred the claim was a question of first impression; 2) the question of first impression did not necessarily provide substantial grounds for differing opinions even though no legal precedent existed; and 3) the question was appropriate for certification to the Connecticut Supreme Court pursuant to Conn. Gen. Stat. § 51-199(a) because it implicated an important matter of state public policy and presented a novel, significant, and complex question for which there was no authority or controlling precedent.

**OUTCOME:** The court denied the insurer's motion insofar as the motion sought certification of its order for the purposes of an interlocutory appeal. The court granted the motion to stay the proceedings pending certification to the Connecticut Supreme Court.

**CORE TERMS:** certification, incontestability clause, difference of opinion, interlocutory appeal, disability insurance, question of law, Connecticut Health Insurance Fraud Act, first impression, exceptional, implicates, certify, insured, insurer, prong, setting forth, prepare

### LexisNexis (TM) HEADNOTES - Core Concepts - Hide Concepts

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders
*HN1* Certification under 28 U.S.C.S. § 1292(B) is strictly limited to exceptional cases where appellate review might avoid protracted and expensive litigation. In order to grant certification for interlocutory appeal, the district court must find that the case (1) involves a controlling question of law (2) as to which there are substantial

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 6721    Page 2 of 4

Case 3:02-cv-00893-MRK    Document 28-16    Filed 12/05/2003    Page 10 of 12

grounds for difference of opinion and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. Each prong must be satisfied before a case can be certified. More Like This Headnote

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

*HN2*⬇The fact that the parties disagree as to the interpretation of the law does not create a substantial difference of opinion. The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. More Like This Headnote

Civil Procedure > Appeals > Appellate Jurisdiction > Certified Questions

*HN3*⬇Conn. Gen. Stat. § 51-199(a) provides that a district court may certify a question to the Connecticut Supreme Court where a question of Connecticut law is determinative of the case and there is no controlling precedent. The decision to certify a question of law to the state's highest court is within the discretion of the district court and it may be made sua sponte. More Like This Headnote

Civil Procedure > Appeals > Appellate Jurisdiction > Certified Questions

*HN4*⬇Although the certification procedure should be used sparingly, it is particularly appropriate where the question to be certified implicates a state's important public policy concerns. More Like This Headnote


**COUNSEL:** For MINNESOTA MUTUAL LIFE INSURANCE CO., plaintiff: Robert L. Wyld, Kay Kyungsun Yu, Shipman & Goodwin, Hartford, CT.

For ROBERT RICCIARDELLO, DMD, defendant: R. Bartley Halloran, Henry K. Snyder, Alfano, Halloran & Flynn, Hartford, CT.

**JUDGES:** Alan H. Nevas, United States District Judge.

**OPINIONBY:** Alan H. Nevas

**OPINION:** RULING ON MOTION TO AMEND ORDER AND STAY PROCEEDINGS

This action concerns a disability insurance policy which the plaintiff, Minnesota Mutual Insurance Co. ("Minnesota Mutual"), issued to the defendant, Robert Ricciardello ("Ricciardello"). Previously, the court granted Ricciardello's motion to dismiss the plaintiff's claims for breach of contract, recission, breach of the duty of good faith and fair dealing, and unjust enrichment on the grounds that those claims were barred by the incontestability clause of the policy. The court ruled, however, that the incontestability clause did not bar Minnesota Mutual's claim under the Connecticut Health Insurance Fraud Act, Conn. Gen. Stat. § 53-440 et seq. Ricciardello now moves the court to amend its ruling to state **[\*2]** that he may take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

I. Interlocutory Appeal

The Second Circuit has repeatedly "urged the district courts to exercise great care in making a § 1292(b) certification." Westwood Pharm., Inc. v. National Fuel Gas Dist. Corp., 964 F.2d 85, 89 (2d Cir. 1992). *HN1*⬇Certification is strictly limited to exceptional cases where appellate review might avoid protracted and expensive litigation. See German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). "It is not intended as a vehicle to provide early review of difficult rulings in hard cases." Id.

In order to grant certification for interlocutory appeal, the district court must find that the

case (1) involves a controlling question of law (2) as to which there are substantial grounds for difference of opinion and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b); see also Klinghoffer v. SNC Achille Lauro, 921 F.2d 21, 23 (2d Cir. 1990). Each prong must be satisfied before a case can be certified. See German, 896 F. Supp. at 1398.

Even assuming the first and **[*3]** third prongs are satisfied in this case, the question that the defendant seeks to appeal is not one which presents a substantial ground for difference of opinion. The question of whether an incontestability clause in a disability insurance policy bars a claim by an insurer against the insured under the Connecticut Health Insurance Fraud Act is a question of first impression. There are no other cases which have addressed the issue. This does not mean that there are substantial grounds for difference of opinion. See Hubbell, Inc. v. Pass & Seymour, Inc., 1995 U.S. Dist. LEXIS 11050, No. 94 CV7631, 1995 WL 464906 at *2 (S.D.N.Y. Aug. 4, 1995). *HN2*The fact that the parties disagree as to the interpretation of the law does not create a substantial difference of opinion. See id. "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d 281 (2d Cir. 1996).

In sum, this is not an exceptional or appropriate case for interlocutory appeal.

II. Certification to Connecticut Supreme Court

The question is, however, appropriate for certification to the Connecticut Supreme **[*4]** Court pursuant to *HN3*Conn. Gen. Stat. § 51-199(a). This statute provides that a district court may certify a question to the Connecticut Supreme Court where, as here, a question of Connecticut law is determinative of the case and there is no controlling precedent. See Conn. Gen. Stat. § 51-199(a). The decision to certify a question of law to the state's highest court is within the discretion of the district court and it may be made sua sponte. See e.g., Hume v. Hertz Corp., 628 F. Supp. 763 (D. Conn. 1986).

*HN4*Although the certification procedure should be used sparingly, see Bethphage Lutheran Serv., Inc. v. Weicker, 965 F.2d 1239, 1246 (2d Cir. 1992), it is particularly appropriate where the question to be certified implicates a state's important public policy concerns. See Shirley v. Russell, 69 F.3d 839, 844 (7th Cir. 1995). Because the question of whether an incontestability clause in a disability insurance policy bars a claim by an insurer against the insured under the Connecticut Health Care Fraud Act implicates an important matter of state public policy and presents a novel, significant, and complex question for which there is no authority or controlling precedent, **[*5]** certification it is appropriate. See Doe v. British Univ. Am. Club, 788 F. Supp. 1286, 1290 n.1 (D. Conn. 1992).

Accordingly, counsel for the parties are directed to jointly prepare, or separately prepare if they are unable to agree, a proposed certification order consistent with Conn. Gen. Stat. § 51-199(a), setting forth the question of law to be certified, and a statement fully setting forth the nature of this controversy and all relevant facts.

CONCLUSION

For the foregoing reasons, the defendant's Motion to Amend Order and Stay Proceedings [doc. # 27] is GRANTED IN PART AND DENIED IN PART. Insofar as the motion seeks certification under 28 U.S.C. § 1292(b), the motion is DENIED. Insofar as the motion seeks a stay, it is GRANTED. The case shall be stayed pending certification to the Connecticut Supreme Court pursuant to Conn. Gen. Stat. § 51-199(a). The parties are directed to file their proposed certification order by May 18, 1998.

SO ORDERED this 4 day of May, 1998 at Bridgeport, Connecticut.

Alan H. Nevas

United States District Judge

Service: **Get by LEXSEE®**
Citation: **1998 u.s. dist lexis 6721**
View: Full
Date/Time: Friday, December 5, 2003 - 10:06 AM EST

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.