UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTONIO DEOLIVEIRA, | : DOCKET NO. 3:02 CV 893(MRK) |
| Plaintiff, | : |
| VS. | : |
| LIBERTY MUTUAL INSURANCE CO. | : |
| Defendant. | : DECEMBER 5, 2003 |

## CERTIFICATION ORDER

Pursuant to Connecticut Gen. Stat. § 51-199b(f), the Court hereby orders that the below questions be certified to the Connecticut Supreme Court as follows:

**I.   CERTIFIED QUESTIONS**

The questions of law to be answered are as follows:

A. Does Connecticut law recognize a cause of action against an insurer for bad faith processing of a worker's compensation claim?

B. If the answer to A is yes, must a plaintiff asserting such a claim prove that the insurer intentionally or deliberately harmed the plaintiff?

C. Alternatively, if the answer to A is yes, must a plaintiff merely show that the insurer was negligent?

D. If the answer to A is yes, does the plaintiff's cause of action accrue on the date on which it is determined that the plaintiff's injury is compensable?

E. Alternatively, if the answer to A is yes, does the plaintiff's cause of action accrue when the allegedly wrongful conduct produced injury, without regard to the date on which, or whether, the plaintiff's injury is found to be compensable?

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to and upon which the certified questions arise are as follows:

### A. The Parties

1. The plaintiff, Antonio DeOliveira of Stratford, Connecticut, sustained what was later determined to be a work-related injury on May 11, 1989, while employed by Ross & Roberts, Inc. ("Ross & Roberts").

2. The defendant, Liberty Mutual Insurance Company ("Liberty"), a Massachusetts company authorized to do business, and with offices, in the State of Connecticut, issued a workers' compensation insurance policy to Ross & Roberts.

### B. Workers' Compensation Proceedings

3. On May 25, 1989, plaintiff filed a claim for benefits under the Workers Compensation Act, Conn. Gen. Stat. § 31-275 et seq., seeking compensation for an injury to his back. He subsequently added a claim for benefits with respect to psychological injuries secondary to his back injury.

4. During the proceedings before the Workers' Compensation Commission, plaintiff pursued all remedies available to him in that forum, including claims for attorneys' fees, interest, and undue delay interest as provided for by statute. See, e.g., Conn. Gen. Stat. §§ 31-288, 31-300 (2000).

5. On March 30, 1995, after a series of hearings, the Workers' Compensation Commission issued its Finding and Award (a copy of which is attached hereto as Ex. A).

6. In the proceedings before the Workers' Compensation Commission, the respondents, Liberty and Ross & Roberts, were represented by the same counsel, Attorney Kevin Maher of Maher & Williams.

7.  Plaintiff appealed the Commission's findings to the Compensation Review Board. A copy of Claimant-Appellant's Brief, dated January 25, 1996, is attached hereto as Ex. B. Liberty and Ross & Roberts filed a joint brief, dated February 14, 1996, opposing plaintiff's appeal to the Compensation Review Board (attached as Ex. C). The Compensation Review Board dismissed plaintiff's appeal on December 13, 1996 (Opinion attached as Ex. D).

8.  Plaintiff appealed the decision of the Compensation Review Board to the Appellate Court (see Plaintiff-Appellant's brief dated May 12, 1997, attached hereto as Ex. E). Liberty and Ross & Roberts filed a joint brief opposing plaintiff's appeal to the Appellate Court (attached as Ex. F), The Appellate Court affirmed, per curiam, the decision of the Compensation Review Board. See 47 Conn. App. 919 (1997).

9.  Plaintiff filed a Petition for Certification with the Connecticut Supreme Court (see plaintiff's Petition for Certification, attached hereto as Ex. G.) Liberty and Ross & Roberts filed a joint brief opposing plaintiff's Petition for Certification (attached hereto as Ex. H).

10. The Connecticut Supreme Court subsequently denied plaintiff's Petition for Certification. See 243 Conn. 965 (1998) (Berdon, J. dissenting).

## C. DeOliveira v. Liberty Mutual Insurance Company (State Court Action)

11. Plaintiff initially filed a complaint against Liberty and Ross & Roberts on October 3, 1990. This action was dismissed on December 8, 1995 under the dormancy program, pursuant to then Section 251 of the Connecticut Practice Book. Plaintiff did not move to open the judgment of dismissal.

12. On December 20, 1995, plaintiff filed this lawsuit against Liberty seeking damages arising out of Liberty's handling of plaintiff's claim for workers' compensation benefits. The operative Revised Complaint dated December 6, 1999, alleges causes of action for

negligence (First Count), intentional tort (Second Count), recklessness (Third Count), breach of the implied covenant of good faith and fair dealing (Fourth Count), intentional infliction of emotional distress (Fifth Count), negligent infliction of emotional distress (Sixth Count), and violation of CUIPA as a basis for a violation of CUTPA (Seventh Count).

13. On October 16, 2000, Liberty filed the now-operative Amended Answer and Special Defenses to Plaintiff's Revised Complaint dated December 6, 1999.

14. Plaintiff filed his Reply to Special Defenses on June 21, 2000.

15. On March 26, 2001, Liberty filed a Motion for Summary Judgment and Memorandum of Law in Support of its Motion for Summary Judgment making the following arguments:

(a) that plaintiff's claims were barred by the exclusivity provision of the Workers' Compensation Act, Conn. Gen. Stat. § 31-284(a), and that he could not bring a civil action to recover damages for undue delay, unreasonable contest or improperly terminating or reducing benefits.

(b) that, should the Court decide to adopt the line of cases finding an exception to the Workers' Compensation Act's exclusivity provision, only those counts alleging intentional misconduct would survive.

16. On April 4, 2002, Liberty filed a Reply to Plaintiff's Opposition to Motion for Summary Judgment.

17. On April 6, 2002, plaintiff filed his Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment.

18. On April 8, 2002, Liberty filed its Memorandum Of Law In Opposition To Plaintiff's Motion For Summary Judgment And In Reply To Plaintiff's Opposition To Defendant's Motion For Summary Judgment.

19. On April 11, 2002, the parties agreed to arbitrate and concurrently reserve these questions to the Appellate Court.

20. On February 6, 2003, Liberty filed a Motion to Enforce the Arbitration Agreement and a Motion to Stay Proceedings Pending Arbitration.

21. By a Memorandum of Decision dated May 1, 2003, Judge Levin granted Liberty's Motion to Enforce and Motion to Stay.

22. On July 16, 2003, Liberty filed a Motion for Clarification of Judge Levins' decision.

23. On December 5, 2003, the parties filed a Joint Motion for Reservation and a Stipulation for Reservation.

## D. DeOliveira v. Liberty Mutual Insurance Company (Federal Court Action)

24. On April 25, 2002, plaintiff Antonio DeOliveira commenced another action against Liberty in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport entitled <u>Antonio De Oliveira v. Liberty Mutual Insurance Company</u>, with a return date of May 28, 2002. The Complaint (attached hereto as Ex. I) alleges similar claims as alleged in the state court action, <u>Antonio De Oliveira v. Liberty Mutual Insurance Co.</u>, Bridgeport Superior Court docket number CV-96-0329390-S (as described in paragraph 12, above).

25. On May 23, 2002, defendant removed this case to the United States District Court on the basis of diversity of citizenship, <u>see</u> 28 U.S.C. § 1332. <u>See</u> 28 U.S.C. § 1441(b).

26.     On May 31, 2002, plaintiff filed a Motion to Remand this lawsuit to the Connecticut Superior Court (attached hereto as Ex. J).

27.     On June 21, 2002, defendant filed an Objection to the Motion to Remand (attached hereto as Ex. K).

28.     On July 1, 2002, defendant filed an Answer and Affirmative Defenses (attached hereto as Ex. L).

29.     On July 2, 2002, the defendant and the plaintiff each filed a case management plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

30.     On July 12, 2002, the court denied plaintiff's Motion to Remand (decision attached hereto as Ex. M). and stayed the case pending a joint status report to be filed by April 11, 2003

31.     On April 11, 2003, defendant filed a status report with the Court.

32.     On December 5, 2003, the parties entered into a Case Management Agreement (attached hereto as Ex. N).

33.     On December 5, 2003 the parties filed a Joint Motion for Stay pending the outcome of arbitration and of this certification (attached hereto as Ex. O).

## III.    INTERESTS SERVED BY ANSWERING THE CERTIFIED QUESTIONS

The answer to the certified questions will determine, or are reasonably certain to enter into the determination of, both the state and federal court actions. After many years of extensive litigation between these parties, important questions of state law remain unresolved. Moreover, judges and litigants throughout Connecticut and the Second Circuit have devoted significant resources to these unresolved issues regarding claims of bad faith arising out of the handling of worker's compensation claims. To date, in one form or another, matters concerning the certified

questions have come before the United States District Court, the United States Court of Appeals, and the Connecticut Superior Court.

There is no appellate decision in Connecticut resolving the certified questions. The Superior Courts are deeply divided with regard to the issue of whether a plaintiff can seek relief outside of the jurisdiction of the Workers Compensation Commission and in excess of the remedies provided in the Workers Compensation Act and, if so, the scope of the relief afforded (Questions A through E). Compare Nicolelli v. Continental Cas. Co., No. 414441, 1999 Conn. Super. LEXIS 2759, at *3-4 (Conn. Super. Ct. New Haven Oct. 13, 1999); Brosnan v. Sacred Heart Univ., No. 333544, 1997 Conn. Super. LEXIS 2815, at *10-51 (Conn. Super. Ct. Fairfield Oct. 21, 1997); Yuille v. Bridgeport Hosp., No. 395994, 2003 Conn. Super. LEXIS 1409 at *10 (Conn. Super. Ct. Bridgeport, Mar. 12, 2003) with Bates v. Utica Mut. Ins. Co., No. CV020088925S, 2003 Conn. Super LEXIS 1622 (Conn. Super. Ct. Litchfield May 29, 2003); Silano v. Hartford Underwriters Ins. Co., No. CV96329388, 2000 Conn. Super. LEXIS 2503 (Conn. Super. Ct. Bridgeport Sept. 15, 2000) (and cases cited therein). The statute's plain language does not indicate the answer, and the certified questions implicate issues of state law and public policy, namely whether a cause of action exists outside of the state's worker's compensation act for injuries allegedly caused by an insurer's bad faith handling of a worker's compensation claim. See Krohn v. New York City Police Dept., 341 F.3d 177, 180 (2d Cir. 2003). The present determination of these questions will be in the interest of simplicity, directness, and economy in judicial action because they are the core legal allegations in these actions and numerous other proceedings. The issues presented by the certified questions are likely to recur, and, given the split in the Superior Courts, Connecticut "has a strong interest in

deciding the issue certified rather than having the only precedent on point be that of the federal court, which may be mistaken." Id.

## V.  NAMES AND ADDRESSES OF COUNSEL OF RECORD

| PLAINTIFF, | DEFENDANT, |
|---|---|
| ANTONIO DEOLIVEIRA | LIBERTY MUTUAL INSURANCE CO. |
| Laurence V. Parnoff (ct06706)<br>Laurence V. Parnoff, P.C.<br>1566 Park Avenue<br>Bridgeport, CT 06604<br>(203) 336-1861<br>Fax (203) 336-1863 | Daniel L. FitzMaurice (ct05331)<br>Michelle I. Turner (ct24012)<br>Day, Berry & Howard LLP<br>CityPlace I<br>Hartford, CT 06103-3499<br>(860) 275-0100<br>Fax (860) 275-0343 |

Accordingly, the Joint Petition For Certification To Connecticut Supreme Court [doc. #28] is GRANTED and it is hereby ordered that the Clerk of the Court shall transmit to the Connecticut Supreme Court under the official seal of this Court, a copy of the Court's Certification Order and all attachments thereto, a copy of the Joint Petition for Certification to Connecticut Supreme Court, and all or any part of the record in this case that may be requested by the Connecticut Supreme Court for its use in deciding the questions certified. The parties are hereby ordered to supply the Clerk with the number of copies required to be forwarded to the Connecticut Supreme Court. See Conn. R. App. Proc. § 82-4 (requiring eight copies of all documents relating to the questions certified).

IT IS SO ORDERED,

Mark R. Kravitz, U.S.D.J.

Dated at New Haven, Connecticut: December 31, 2003