UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTONIO DEOLIVEIRA, | : | DOCKET NO. 3:02 CV 893(MRK) |
| Plaintiff, | : | |
| VS. | : | |
| LIBERTY MUTUAL INSURANCE CO. | : | |
| Defendant. | : | JUNE 9, 2005 |

## AFFIDAVIT OF DANIEL L. FITZMAURICE IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Daniel L. FitzMaurice, being first duly sworn, deposes and says:

1. I am over 18 years of age and believe in the obligation of an oath. I make this affidavit based upon my personal knowledge of the matters set forth below and in support of defendant's motion for summary judgment. I am a partner of Day, Berry & Howard LLP, counsel to the defendant, Liberty Mutual Insurance Company.

2. Plaintiff filed this action ("*DeOliveira III*") on or about April 25, 2002.

3. In April 2002, there was a similar case that plaintiff had filed against Liberty Mutual, which was pending in the Connecticut Superior Court, Docket No. CV-96 032 93 90 S ("*DeOliveira II*"). I served as trial counsel to Liberty Mutual in *DeOliveira II*.

4. A true copy of the Revised Complaint that the plaintiff filed in *DeOliveira II* is attached as Exhibit ("Ex.") A to this affidavit.

5. In April 2002, during jury selection in *DeOliveira II*, the parties agreed, on the record, to arbitrate based on the existing "law of the case" and concurrently to reserve certain legal questions for appellate advice. The transcript from that hearing sets forth the parties'

agreement in detail. A true copy of the Transcript of the April 11, 2002 hearing is attached to this affidavit as Ex. B.

6. After the hearing of April 11, 2002 in DeOliveira II, defendant's counsel prepared a proposed joint stipulation for reservation in accordance with the terms set forth in Ex. B. Plaintiff's counsel refused to sign the joint stipulation for reservation in *DeOliveira II*.

7. On December 5, 2003, with the assistance of this Court, the parties reached a procedural agreement that allowed this case and *DeOliveira II* to proceed. This agreement is reflected in the Case Management Agreement, a true copy of which is attached as Ex. C, and the Joint Petition for Certification, a true copy of which is attached as Ex. D.

8. Although as part of the Case Management Agreement the parties agreed to arbitrate concurrently while pursuing the certification/reservation to the Connecticut Supreme Court, the parties did not actually proceed with the arbitration. Each party named a party-arbiter but never selected a neutral.

9. Liberty Mutual's selected party-arbiter, Attorney James Pomeranz, disclosed his potential conflicts of interest to plaintiff's counsel in a letter. A true copy of Attorney Pomeranz's letter of March 2, 2004, is attached as Ex. E. Plaintiff's party-arbiter, Attorney Lawrence Merly, made no disclosure of potential conflicts of interest; nor did he disclose the absence of any potential conflicts.

10. The Connecticut Supreme Court officially issued its opinion in *v. Liberty Mutual Ins. Co.*, 273 Conn. 487 (2005) on May 3, 2005. A copy of the decision was available earlier electronically, however, by April 27, 2005 at latest.

11. After the Connecticut Supreme Court rendered its decision, plaintiff's counsel asserted that the Court's ruling eliminated only some of the plaintiff's claims against Liberty

- 3 -

Mutual. In particular, by letter dated April 30, 2005, plaintiff's counsel instructed plaintiff's party-arbiter to proceed with the arbitration "excluding only the negligence and bad faith counts thereof." A true copy of the letter from Laurence Parnoff to Lawrence Merly, dated April 30, 2005, copy attached as Ex. F. The letter is also captioned "NATURE OF CLAIMS: INTENTIONAL TORT AND CUTPA." (*Id.*)

12. By letter dated June 2, 2005, plaintiff's counsel wrote to defendant's counsel accusing Liberty Mutual of acting in bad faith by failing to proceed with the arbitration over plaintiff's supposedly remaining claims. A true copy of the letter from Laurence Parnoff to Daniel L. FitzMaurice, dated June 2, 2005, is attached as Ex. G.

13. By letter dated June 3, 2005, I responded to plaintiff's counsel's letter of June 2, 2005. A true copy of my letter to Laurence Parnoff, dated June 3, 2005, is attached as Ex. H.

14. Accordingly, since the Connecticut Supreme Court rendered its decision, a new dispute has emerged between the parties over whether the ruling disposed of all or only some of DeOliveira's claims.

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | _____ |
| | ) | Daniel L. FitzMaurice |
| COUNTY OF HARTFORD | ) | |

Subscribed and sworn to before me this ____
day of June, 2005.

_____
Notary Public

## **CERTIFICATION**

    This is to certify that on this date a copy of the foregoing was mailed, first class postage prepaid, to:

Laurence V. Parnoff, Esq.
1566 Park Avenue
Bridgeport, CT 06604

                                              _____
                                              Daniel L. FitzMaurice