# EXHIBIT C

## CASE MANAGEMENT AGREEMENT

This Case Management Agreement (the "Agreement") is made and entered into as of December 5, 2003 by and between Antonio DeOliveira ("DeOliveira") and Liberty Mutual Insurance Company ("Liberty").

WHEREAS, a lawsuit brought by DeOliveira against Liberty is currently pending in the Connecticut Superior Court for the District of Fairfield at Bridgeport (the "Superior Court"), entitled Antonio DeOliveira v. Liberty Mutual Insurance Co., Docket No. CV-96-0329390-S (the "State Action");

WHEREAS, a lawsuit brought by DeOliveira against Liberty is currently pending before Judge Kravitz of the United States District Court for the District of Connecticut (the "District Court"), entitled Antonio DeOliveira v. Liberty Mutual Insurance Co., Docket No. 3:02CV893(MRK) (the "Federal Action");

WHEREAS, the parties wish to agree to a future procedure for resolution of this case;

NOW THEREFORE, the parties hereby agree as follows:

1.     Arbitration.  The parties agree to promptly submit all issues that have previously been raised in either the State Action or the Federal Action to binding arbitration (the "Arbitration").  These arbitration proceedings shall be conducted in accordance with judicial rules of evidence, as set forth in the Connecticut Code of Evidence and controlling precedent, and, except where it is clearly inapplicable, the Connecticut Practice Book.  The issues to be arbitrated shall be determined in accordance with the substantive law of the State of Connecticut. Each party will select one arbitrator and will give the other party notice of such selection within thirty (30) days from the date of this Agreement, and the two arbitrators so selected will then jointly select a third arbitrator within thirty (30) days thereafter.  Each party will pay the costs of

its selected arbitrator, and each party will each pay half the costs of the third arbitrator. The parties will make reasonable efforts to ensure the prompt convening of the arbitration panel and the speedy completion of the Arbitration. The parties further agree that the decision of the arbitration panel will be appealable in the normal course, pursuant to the provisions of Connecticut and federal law and the Connecticut Practice Book. Moreover, in the event that the Connecticut Appellate Court or Connecticut Supreme Court answer any of the Certified Questions in a way that would bring into question the standards applied or decisions rendered in the Arbitration, the award entered in the Arbitration will be vacated.

    2.    Stipulation for Reservation and Certification. The parties agree that, by December 5, 2003, they will file with the Superior Court a joint Motion for Reservation and a Stipulation for Reservation, both in the form attached hereto, requesting that the Superior Court reserve to the Connecticut Appellate Court or Connecticut Supreme Court the Certified Questions (as set forth in Section 4 below). The parties further agree that, by December 5, 2003, they will file with the District Court a joint Petition for Certification, in the form attached hereto, requesting that the District Court certify to the Connecticut Supreme Court the Certified Questions (as set forth in Section 4 below). The parties agree that the Certified Questions will be submitted in full in said joint motions, and that no other questions will be submitted in said joint motions. The parties further agree to cooperate to ensure that the Certified Questions are submitted in such format, and are accompanied by such additional documentation as is required by, the Connecticut Practice Book, the Federal Rules of Civil Procedure, the District of Connecticut Local Rules or Standing Orders, Connecticut or federal law, or the order of any court, so as to effectuate the successful reservation and stipulation of the Certified Questions.

-2-

3.     <u>Motion for Stay.</u>  The parties will, by December 5, 2003, submit a Motion for Stay to the District Court, in the form attached hereto, requesting that the District Court stay any further proceedings in the Federal Action pending completion of the Arbitration.  The parties are in agreement that the Superior Court has already entered a stay in the State Action pending arbitration, but they agree that, if required in the future, they will cooperate and submit such joint motion as may be required to obtain a stay of the State Action pending the Arbitration.

4.     <u>Certified Questions.</u>  The parties agree that, pursuant to Section 2 of this Agreement, the following specific questions will be reserved and certified to the Connecticut Appellate Court and/or the Connecticut Supreme Court:

A.     Does Connecticut law recognize a cause of action against an insurer for bad faith processing of a worker's compensation claim?

B.     If the answer to A is yes, must a plaintiff asserting such a claim prove that the insurer intentionally or deliberately harmed the plaintiff?

C.     Alternatively, if the answer to A is yes, must a plaintiff merely show that the insurer was negligent?

D.     If the answer to A is yes, does the plaintiff's cause of action accrue on the date on which it is determined that the plaintiff's injury is compensable?

E.     Alternatively, if the answer to A is yes, does the plaintiff's cause of action accrue when the allegedly wrongful conduct produced injury, without regard to the date on which, or whether, the plaintiff's injury is found to be compensable?

5.     <u>No Modification.</u>  This Agreement shall not be modified or amended except by a written instrument signed by both parties hereto.

6.     <u>Entire Agreement.</u>  This Agreement constitutes the entire agreement between the parties and supersedes all previous and contemporaneous statements, communications, representations or agreements, either written or oral, by or between the parties with respect to the subject matter hereof.

-3-

7.    Severability.  The provisions of this Agreement are severable.  Accordingly, the unenforceability of any provision of this Agreement shall not effect the enforceability of any other provision of this Agreement.

8.    Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut.

9.    Counterparts.  This Agreement may be executed in counterparts, including facsimile counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

10.    Authority.  Any party signing below in a fiduciary capacity hereby represents that he or she is authorized to serve in such fiduciary capacity and has the authority to sign this Agreement on behalf of the party he or she represents.

11.    Binding Effect.  This Agreement shall bind and inure to the benefit of, and be enforceable by, the parties hereto, their executors, heirs, successors, attorneys, affiliates and assigns.

12.    Construction.  This release shall not be construed for or against any party because the party's legal representative drafted it or any portion thereof.


*[Remainder of page intentionally left blank.]*

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals.

ANTONIO DEOLIVEIRA

Dated: _11 – 28 – 03_

LIBERTY MUTUAL INSURANCE COMPANY

By: _____

Name:

Title:

Dated: _____

-5-

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals.


ANTONIO DEOLIVEIRA

_____          Dated: _____


LIBERTY MUTUAL INSURANCE COMPANY

By: _____        Dated: 12-4-2005

Name: SEAN B. MᶜSWEENEY

Title: Assistant Vice President
       Senior Corporate Counsel

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTONIO DEOLIVEIRA, | : | DOCKET NO. 3:02 CV 893(MRK) |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| LIBERTY MUTUAL INSURANCE CO. | : | |
| | : | |
| Defendant. | : | DECEMBER 5, 2003 |

## JOINT PETITION FOR CERTIFICATION TO CONNECTICUT SUPREME COURT

Pursuant to Connecticut Gen. Stat. § 51-199b(d) (2003) and Connecticut Practice Book §82-1 (2003), the parties unite in requesting this Court to certify the questions of law described below to the Connecticut Supreme Court. See Israel v. State Farm Mut. Auto. Ins. Co., 239 F.3d 127, 135 (2d Cir. 2000) ("Connecticut law allows for the certification of questions of state law by the federal courts directly to the Connecticut Supreme Court."). The parties stipulate and agree as follows:

## I.    CERTIFIED QUESTIONS

The questions of law to be answered are as follows:

A. Does Connecticut law recognize a cause of action against an insurer for bad faith processing of a worker's compensation claim?

B. If the answer to A is yes, must a plaintiff asserting such a claim prove that the insurer intentionally or deliberately harmed the plaintiff?

C. Alternatively, if the answer to A is yes, must a plaintiff merely show that the insurer was negligent?

D. If the answer to A is yes, does the plaintiff's cause of action accrue on the date on which it is determined that the plaintiff's injury is compensable?

E. Alternatively, if the answer to A is yes, does the plaintiff's cause of action

accrue when the allegedly wrongful conduct produced injury, without regard to

the date on which, or whether, the plaintiff's injury is found to be compensable?

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to and upon which the certified questions arise are as follows:

### A.    The Parties

1.      The plaintiff, Antonio DeOliveira of Stratford, Connecticut, sustained what was

later determined to be a work-related injury on May 11, 1989, while employed by Ross &

Roberts, Inc. ("Ross & Roberts").

2.      The defendant, Liberty Mutual Insurance Company ("Liberty"), a Massachusetts

company authorized to do business, and with offices, in the State of Connecticut, issued a

workers' compensation insurance policy to Ross & Roberts.

### B.    Workers' Compensation Proceedings

3.      On May 25, 1989, plaintiff filed a claim for benefits under the Workers

Compensation Act, Conn. Gen. Stat. § 31-275 et seq., seeking compensation for an injury to his

back.  He subsequently added a claim for benefits with respect to psychological injuries

secondary to his back injury.

4.      During the proceedings before the Workers' Compensation Commission, plaintiff

pursued all remedies available to him in that forum, including claims for attorneys' fees, interest,

and undue delay interest as provided for by statute.  See, e.g., Conn. Gen. Stat. §§ 31-288, 31-

300 (2000).

5.      On March 30, 1995, after a series of hearings, the Workers' Compensation

Commission issued its Finding and Award (a copy of which is attached hereto as Ex. A).

6.      In the proceedings before the Workers' Compensation Commission, the
respondents, Liberty and Ross & Roberts, were represented by the same counsel, Attorney Kevin
Maher of Maher & Williams.

7.      Plaintiff appealed the Commission's findings to the Compensation Review Board.
A copy of Claimant-Appellant's Brief, dated January 25, 1996, is attached hereto as Ex. B.
Liberty and Ross & Roberts filed a joint brief, dated February 14, 1996, opposing plaintiff's
appeal to the Compensation Review Board (attached as Ex. C).  The Compensation Review
Board dismissed plaintiff's appeal on December 13, 1996 (Opinion attached as Ex. D).

8.      Plaintiff appealed the decision of the Compensation Review Board to the
Appellate Court (see Plaintiff-Appellant's brief dated May 12, 1997, attached hereto as Ex. E).
Liberty and Ross & Roberts filed a joint brief opposing plaintiff's appeal to the Appellate Court
(attached as Ex. F),  The Appellate Court affirmed, per curiam, the decision of the Compensation
Review Board. See 47 Conn. App. 919 (1997).

9.      Plaintiff filed a Petition for Certification with the Connecticut Supreme Court (see
plaintiff's Petition for Certification, attached hereto as Ex. G.) Liberty and Ross & Roberts filed
a joint brief opposing plaintiff's Petition for Certification (attached hereto as Ex. H).

10.     The Connecticut Supreme Court subsequently denied plaintiff's Petition for
Certification.  See 243 Conn. 965 (1998) (Berdon, J. dissenting).

**C.      DeOliveira v. Liberty Mutual Insurance Company (State Court Action)**

11.     Plaintiff initially filed a complaint against Liberty and Ross & Roberts on October
3, 1990.  This action was dismissed on December 8, 1995 under the dormancy program, pursuant
to then Section 251 of the Connecticut Practice Book.  Plaintiff did not move to open the
judgment of dismissal.

12.     On December 20, 1995, plaintiff filed this lawsuit against Liberty seeking damages arising out of Liberty's handling of plaintiff's claim for workers' compensation benefits.  The operative Revised Complaint dated December 6, 1999, alleges causes of action for negligence (First Count), intentional tort (Second Count), recklessness (Third Count), breach of the implied covenant of good faith and fair dealing (Fourth Count), intentional infliction of emotional distress (Fifth Count), negligent infliction of emotional distress (Sixth Count), and violation of CUIPA as a basis for a violation of CUTPA (Seventh Count).

13.     On October 16, 2000, Liberty filed the now-operative Amended Answer and Special Defenses to Plaintiff's Revised Complaint dated December 6, 1999.

14.     Plaintiff filed his Reply to Special Defenses on June 21, 2000.

15.     On March 26, 2001, Liberty filed a Motion for Summary Judgment and Memorandum of Law in Support of its Motion for Summary Judgment making the following arguments:

(a)     that plaintiff's claims were barred by the exclusivity provision of the Workers' Compensation Act, Conn. Gen. Stat. § 31-284(a), and that he could not bring a civil action to recover damages for undue delay, unreasonable contest or improperly terminating or reducing benefits.

(b)     that, should the Court decide to adopt the line of cases finding an exception to the Workers' Compensation Act's exclusivity provision, only those counts alleging intentional misconduct would survive.

16.     On April 4, 2002, Liberty filed a Reply to Plaintiff's Opposition to Motion for Summary Judgment.

17.     On April 6, 2002, plaintiff filed his Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment.

18.     On April 8, 2002, Liberty filed its Memorandum Of Law In Opposition To Plaintiff's Motion For Summary Judgment And In Reply To Plaintiff's Opposition To Defendant's Motion For Summary Judgment.

19.     On April 11, 2002, the parties agreed to arbitrate and concurrently reserve these questions to the Appellate Court.

20.     On February 6, 2003, Liberty filed a Motion to Enforce the Arbitration Agreement and a Motion to Stay Proceedings Pending Arbitration.

21.     By a Memorandum of Decision dated May 1, 2003, Judge Levin granted Liberty's Motion to Enforce and Motion to Stay.

22.     On July 16, 2003, Liberty filed a Motion for Clarification of Judge Levins' decision.

23.     On December 5, 2003, the parties filed a Joint Motion for Reservation and a Stipulation for Reservation.

**D.    DeOliveira v. Liberty Mutual Insurance Company (Federal Court Action)**

24.     On April 25, 2002, plaintiff Antonio DeOliveira commenced another action against Liberty in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport entitled Antonio De Oliveira v. Liberty Mutual Insurance Company, with a return date of May 28, 2002.  The Complaint (attached hereto as Ex. I) alleges similar claims as alleged in the state court action, Antonio De Oliveira v. Liberty Mutual Insurance Co., Bridgeport Superior Court docket number CV-96-0329390-S (as described in paragraph 12, above).

25.    On May 23, 2002, defendant removed this case to the United States District Court on the basis of diversity of citizenship, see 28 U.S.C. § 1332.   See 28 U.S.C. § 1441(b).

26.    On May 31, 2002, plaintiff filed a Motion to Remand this lawsuit to the Connecticut Superior Court (attached hereto as Ex. J).

27.    On June 21, 2002, defendant filed an Objection to the Motion to Remand (attached hereto as Ex. K).

28.    On July 1, 2002, defendant filed an Answer and Affirmative Defenses (attached hereto as Ex. L).

29.    On July 2, 2002, the defendant and the plaintiff each filed a case management plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

30.    On July 12, 2002, the court denied plaintiff's Motion to Remand (decision attached hereto as Ex. M). and stayed the case pending a joint status report to be filed by April 11, 2003

31.    On April 11, 2003, defendant filed a status report with the Court.

32.    On December 5, 2003, the parties entered into a Case Management Agreement (attached hereto as Ex. N).

33.    On December 5, 2003 the parties filed a Joint Motion for Stay pending the outcome of arbitration and of this certification (attached hereto as Ex. O).

## III.    INTERESTS SERVED BY ANSWERING THE CERTIFIED QUESTIONS

The answer to the certified questions will determine, or are reasonably certain to enter into the determination of, both the state and federal court actions.  After many years of extensive litigation between these parties, important questions of state law remain unresolved.  Moreover, judges and litigants throughout Connecticut and the Second Circuit have devoted significant

resources to these unresolved issues regarding claims of bad faith arising out of the handling of

worker's compensation claims.  To date, in one form or another, matters concerning the certified

questions have come before the United States District Court, the United States Court of Appeals,

and the Connecticut Superior Court.

There is no appellate decision in Connecticut resolving the certified questions.  The

Superior Courts are deeply divided with regard to the issue of whether a plaintiff can seek relief

outside of the jurisdiction of the Workers Compensation Commission and in excess of the

remedies provided in the Workers Compensation Act and, if so, the scope of the relief afforded

(Questions A through E).  Compare  Nicolelli v. Continental Cas. Co., No. 414441, 1999 Conn.

Super. LEXIS 2759, at *3-4 (Conn. Super. Ct. New Haven Oct. 13, 1999); Brosnan v. Sacred

Heart Univ., No. 333544, 1997 Conn. Super. LEXIS 2815, at *10-51 (Conn. Super. Ct. Fairfield

Oct. 21, 1997); Yuille v. Bridgeport Hosp., No. 395994, 2003 Conn. Super. LEXIS 1409 at *10

(Conn. Super. Ct. Bridgeport, Mar. 12, 2003) with Bates v. Utica Mut. Ins. Co., No.

CV020088925S, 2003 Conn. Super LEXIS 1622 (Conn. Super. Ct. Litchfield May 29, 2003);

Silano v. Hartford Underwriters Ins. Co., No. CV96329388, 2000 Conn. Super. LEXIS 2503

(Conn. Super. Ct. Bridgeport Sept. 15, 2000) (and cases cited therein). The statute's plain

language does not indicate the answer, and the certified questions implicate issues of state law

and public policy, namely whether a cause of action exists outside of the state's worker's

compensation act for injuries allegedly caused by an insurer's bad faith handling of a worker's

compensation claim.  See Krohn v. New York City Police Dept., 341 F.3d 177, 180 (2d Cir.

2003).  The present determination of these questions will be in the interest of simplicity,

directness, and economy in judicial action because they are the core legal allegations in these

actions and numerous other proceedings.  The issues presented by the certified questions are

likely to recur, and, given the split in the Superior Courts, Connecticut "has a strong interest in deciding the issue certified rather than having the only precedent on point be that of the federal court, which may be mistaken." Id.

## IV.    CONSOLIDATION

Upon the Court's certification of questions to the Connecticut Supreme Court, the parties will file a joint motion to consolidate the certified questions with the questions reserved to the Connecticut Appellate Court in De Oliveira v. Liberty Mutual Insurance Company, No. CV-96-0329390-S.

## V.    CONCLUSION

For these reasons, the parties request that this Court certify these questions of law to the Connecticut Supreme Court.

- 8 -

PLAINTIFF,
ANTONIO DEOLIVEIRA

By _____
     Laurence V. Parnoff (ct 06700)
     Laurence V. Parnoff, P.C.
     1566 Park Avenue
     Bridgeport, CT 06604
     (203) 336-1861
     His Attorney

DEFENDANT,
LIBERTY MUTUAL INSURANCE CO.


By _____
     Daniel L. FitzMaurice (ct 05331)
     Michelle I. Turner (ct24012)
     Day, Berry & Howard LLP
     CityPlace I
     Hartford, CT 06103-3499
     (860) 275-0100
     Its Attorneys

# EXHIBIT E

LAW OFFICES

POMERANZ, DRAYTON & STABNICK, LLC

95 GLASTONBURY BOULEVARD
GLASTONBURY, CONNECTICUT 06033-4412
TELEPHONE (860) 657-8000
(800) 246-5641
FAX (860) 657-9858

DOUGLAS L. DRAYTON
JAMES L. POMERANZ
RICHARD T. STABNICK
LUCAS D. STRUNK
JASON M. DODGE*¹
ANNE KELLY ZOVAS
RICHARD L. AIKEN, JR.*
MICHAEL J. McAULIFFE
KRISTEN L. FRAZIER
HEATHER K. PORTO*
ELLEN M. ASPELL
COURTNEY C. STABNICK*

EDWARD S. POMERANZ
(1903-1991)

*ALSO ADMITTED IN NY
*ALSO ADMITTED IN MA

March 2, 2004

Michelle I. Turner, Esq.
Day, Berry & Howard
CityPlace I
Hartford, Connecticut 06103-3499

Re: DeOliveira vs.
Liberty Mutual

Dear Ms. Turner:

In response to your letter of February 24, 2004, our office has represented Helmsman Management Services, Inc. which is an affiliate of Liberty Mutual Insurance Company. I believe Helmsman administers self-insured accounts and in some instances self-insureds will designate our firm to represent their interests and the administrator is Helmsman.

Respective accounts would be the Barnes Group, SBC/SNET, Fleet Bank these accounts represent a very small percentage of our business and I believe that I could serve as an Arbitrator fairly.

Our conflict check did not disclose any representation of Liberty Mutual Insurance Company as a pure insurer, although I cannot be certain we have never represented Liberty Mutual in this capacity, as there have been a very small number of cases over the past fifteen years.

Very truly yours,

James L. Pomeranz

JLP/jht
cc:   Laurence V. Parnoff, Esq.
      Daniel I. FitzMaurice, Esq.

# EXHIBIT F

4/30/2005 12:40 PM  FROM: 203-377-3267 Parnof    TO: 18602750343    PAGE: 001 OF 001

# LAURENCE V. PARNOFF, P.C.
### ATTORNEYS AND COUNSELORS AT LAW
1566 PARK AVENUE
BRIDGEPORT, CT 06604
E-MAIL: LVPPC@AOL.COM

Tel: (203)336·1861

Fax: (203)377-3267

Lawrence J. Merly, Esq.
Law Offices
76 Lyon Terrace
Bridgeport, CT  06604

April 30, 2005

BY FAX TO:  332-7984

ARBITRATION

RE:

CASE:      DEOLIVEIRA v. LIBERTY MUTUAL INS. CO.

BRIDGEPORT SUPERIOR COURT NO.:      CV-96 032 93 90 S and 2002 Complaint

NATURE OF CLAIMS:     INTENTIONAL TORT and CUTPA

Dear Attorney Merly:

The Supreme Court has answered "in the negative" the certified question:  "Whether Connecticut recognizes a cause of action against an insurer for bad faith processing of a workers' compensation claim."

I would, therefore, appreciate your contacting Liberty's arbitrator, James L. Pomeranz of Pomeranz, Drayton & Stabnick, 95 Glastonbury Boulevard, Glastonbury, CT  06033-4412 to have a neutral proceed to schedule an arbitration hearing on the now limited allegations of the operative Complaint, excluding only the negligence and bad faith counts thereof.  By copy of this letter I am requesting Liberty's attorney to also contact Attorney Pomeranz for this purpose.

Let me know if you require anything further of me.  Thanks for your help.  I remain,

Very truly yours

LAURENCE V. PARNOFF

c:    Day, Berry & Howard Law Offices, City Place 1, Hartford, CT 06103-3499
      Attention:    Attorney Daniel L. FitzMaurice        BY FAX ONLY TO.: (860) 275-0343

c:    Antonio de Oliveira, 162 Birdseye Street, Stratford, CT  06497