UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTONIO DEOLIVEIRA, | : CIVIL ACTION NO. 3:02cv893(MRK) |
| Plaintiff, | : |
| v. | : |
| LIBERTY MUTUAL INSURANCE COMPANY | : |
| Defendant. | : DECEMBER 13, 2005 |

## JOINT STATUS REPORT

Pursuant to the Court's Order of October 3, 2005, the parties to this action hereby file their joint status report on the progress of their arbitration.

### A. PROCEDURAL HISTORY

As the Court is aware, this lawsuit was filed on April 25, 2002, while a similar case was pending in the Bridgeport Superior Court.[1]

In April 2002, during jury selection in Bridgeport Superior Court, the parties agreed, on the record, to arbitrate based on the existing "law of the case" and concurrently to reserve certain legal questions for appellate advice. On December 5, 2003, with the assistance of this Court, the parties reached a procedural agreement (the "Case Management Agreement") that allowed this case and the Superior Court case to proceed.

The Case Management Agreement set out a plan by which the parties would petition the Superior Court to reserve certain legal issues for appellate advice, and this Court would certify

---

[1] The case pending in Bridgeport Superior Court has recently been withdrawn by the plaintiff at the order of the Superior Court for all cases referred for binding arbitration..

the same questions to the Connecticut Supreme Court. The certified/reserved issues were as follows:

> A.  Does Connecticut law recognize a cause of action against an insurer for bad faith processing of a workers' compensation claim?
>
> B.  If the answer to A is yes, must a plaintiff asserting such a claim prove that the insurer intentionally or deliberately harmed the plaintiff?
>
> C.  Alternatively, if the answer to A is yes, must a plaintiff merely show that the insurer was negligent?
>
> D.  If the answer to A is yes, does the plaintiff's cause of action accrue on the date on which it is determined that the plaintiff's injury is compensable?
>
> E.  Alternatively, if the answer to A is yes, does the plaintiff's cause of action accrue when the allegedly wrongful conduct produced injury, without regard to the date on which, or whether, the plaintiff's injury is found to be compensable?

(Joint Petition for Certification at 1.)

The Case Management Agreement also provided that the parties concurrently would submit to arbitration all issues that had previously been raised in either the State Action or the Federal Action. The Case Management Agreement specified deadlines for the appointment of party-arbiters and an umpire and required the parties to make reasonable efforts to ensure the prompt convening of the panel and speedy completion of the Arbitration. Contemplating that a speedy arbitration would result in an award before the arrival of appellate advice, the Case Management Agreement provided that, in the event that the Connecticut Supreme Court answered any of the certified questions in a way that would bring into question the standards applied or decisions rendered in the arbitration, the award entered in the arbitration will be vacated. Despite these terms, each party named a party-arbiter, but the party-arbiters did not select a neutral before the Supreme Court issued its decision.

On May 3, 2005, the Connecticut Supreme Court answered the first certified question in the negative, holding that Connecticut law does not recognize a cause of action against an insurer for allegedly mishandling a worker's compensation claim. *DeOliveira v. Liberty Mut. Ins. Co.*, 273 Conn. 487, 489-90, 870 A.2d 1066 (2005).

Plaintiff believes that the Supreme Court's ruling ended only the bad faith claims of this case, and that certain of his claims survived the Supreme Court's ruling and remain to be arbitrated, to wit: his claims for infliction of emotional distress and intentional tortuous conduct. Defendant believes that the Supreme Court's ruling makes it clear that the plaintiff has no valid cause of action. However, during a telephonic conference on June 14, 2005, the Court directed the parties to proceed with the arbitration in this case.

**B.    STATUS REPORT**

The parties have each selected a party arbiter. Liberty Mutual selected James Pomeranz and the plaintiff selected Laurence Merly. When the party arbiters were unable to reach agreement on a neutral arbiter, Judge Hiller of the Bridgeport Superior Court appointed the neutral, William H. Clendenen.

After an initial conference call, Mr. Clendenen asked the parties to submit a joint letter detailing how the arbitration would be conducted. Unable to reach agreement, each party submitted a separate proposal to the panel. Mr. Clendenen subsequently asked the parties for available dates in December for an organizational conference call, and those dates were provided by both parties, but the call has not yet been scheduled.

The parties anticipate that a briefing and hearing schedule will be established during that conference call.

DEFENDANT,
LIBERTY MUTUAL INSURANCE CO.

By _____
Daniel L. FitzMaurice (ct 05331)
Michelle I. Turner (ct24012)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100
Its Attorneys

PLAINTIFF, ANTONIO DEOLIVEIRA

By _____
Laurence V. Parnoff, Esq. (ct06706)
1566 Park Avenue
Bridgeport, CT 06604
(203) 336-1861
His Attorney

-5-

## **CERTIFICATION**

  This is to certify that on this date a copy of the foregoing was mailed, first class postage prepaid, to:

Laurence V. Parnoff, Esq.
1566 Park Avenue
Bridgeport, CT 06604

_____
Michelle I. Turner